Philadelphia, Appellant, *v.* Sam Bobman Department Store Company.

Argued December 17, 1958. Before RHODES, P.J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*David Berger,* City Solicitor, with him *Albert J. Persichetti* and *James L. J. Pié,* Assistant City Solicitors, and *Alan Miles Ruben,* Assistant to the City Solicitor, for appellant.

*Ronald N. Rutenberg,* with him *Harry A. Rutenberg,* for appellee.

OPINION BY WOODSIDE, J., March 18, 1959:

This is an appeal from an order of the Municipal Court of Philadelphia dismissing a motion of the City of Philadelphia for judgment on the pleadings in its suit in assumpsit to collect a delinquent tax claim.

The defendant, a Pennsylvania corporation, filed tax returns for the years 1953 and 1954, and paid the mercantile license tax which it admitted on its returns to be due. Thereafter, the city, upon audit of the defendant's records, assessed an additional tax against it in the amount of $774.13, plus interest and. penal-

ties. The defendant received notice of the additional assessment on or about May 31, 1955. It did not petition the Tax Review Board for review.

The city filed a complaint in assumpsit against the defendant on September 16, 1957, to collect the $774.13 tax with interest, penalty and costs. The defendant answered the complaint by alleging that it correctly set forth in its returns, and paid, the tax which was due, and that the additional tax assessed by the city was not due. The city then filed a motion for judgment on the pleadings, contending that the answer failed to allege that the defendant had raised the issue by petition to the Tax Review Board, as required by the ordinance. The city contends that by failing to exhaust its administrative remedy, the defendant had no right to question the correctness of the additional assessment in its answer to the complaint in assumpsit.

The court below concluded that the defendant could raise the question of the amount of tax due in its answer to the city's complaint in assumpsit, and dismissed the city's motion. The city appealed to this Court.

The Philadelphia Home Rule Charter created the Tax Review Board as an administrative agency to hear and determine petitions for the review, inter alia, of assessments of the Philadelphia mercantile tax. Sections 3-100(f) and 6-207.

Pursuant to section 6-207 of the charter, which provides that the Tax Review Board shall perform such duties as may be imposed by council, the Ordinance of September 9, 1953 (p. 478, now incorporated, as amended, in Philadelphia Code §§19-1701, 19-1706), was adopted.

The Ordinance provided as follows:

"Section 4. Powers and Duties of the Tax Review Board.

"(a)   The Tax Review Board shall have the following powers and duties:

"(1)   To hear and determine petitions for review of any decision of an administrative officer of the City fixing the amount of any tax, water or sewer rent, license fee or other charge or interest or penalties thereon payable by such petitioner.

\* \* \*

"Section 6. Petitions for Review.

"(a)   Every petition for review of a decision of an administrative officer of the City fixing the amount of any tax, water or sewer rent, license fee or other charge, or interest or penalties thereon payable by any petitioner shall be filed with the Tax Review Board within sixty (60) days after the mailing of a notice of amount due or a demand for payment by the Department of Collections or within sixty (60) days after the effective date of this ordinance, whichever is later. The filing of such petition shall not stop the accrual of interest otherwise due."

"Section 10. Appeals from Tax Review Board.

"Findings of fact and decisions of the Tax Review Board on compromises shall be final and conclusive and may not be the subject of further review by any court.   Any other decision by the Tax Review Board may be appealed to any court of competent jurisdiction on jurisdictional, procedural or legal grounds within thirty (30) days after the mailing of notice of such decision or action to the petitioner or his attorney by the Tax Review Board."

Section 10, supra, was replaced by section 19-1706 of the Philadelphia Code of General Ordinances which became effective February 29, 1956.   It provided: "(1) Decisions of the Tax Review Board pertaining

to compromises and waiver of interest or penalty shall be final and conclusive and shall not be the subject of further review by any court.

"(2) Other decisions of the Tax Review Board may be appealed to any court of competent jurisdiction within 30 days after the mailing of notice of such decision or action to the petitioner or his attorney by the Tax Review Board."

The question here presented is whether a taxpayer who fails to petition the Tax Review Board as provided in the above ordinance is thereby precluded from raising the correctness of the assessment of his mercantile license tax by way of answer to the city's complaint in assumpsit.

Whether the taxpayer had the right of appeal to the court from the Tax Review Board is important to the determination of this question.

The taxpayer received notice of the reassessment on May 31, 1955. Whether section 10 or section 19-1706, supra, would have governed an appeal from the board would have depended upon the time when the appeal was taken from the board, which in turn would have depended upon the time involved in the taking of the appeals to and from the board, and the time taken by the board in hearing and disposing of the case.

The compromise provisions of the two sections can be ignored because this case does not involve a compromise, and because a true compromise operates in the nature of municipal grace and is without prejudice to the tax payer. See *Sharps v. Revenue Commissioner*, 10 D. & C. 2d 463, 475, 476 (1956).

Paragraph 2 of section 19-1706 of the code makes no effort to limit the jurisdiction of the court of appeals. Regardless of whether any limit on court jurisdiction was intended by section 10 of the Ordinance

of 1953, supra, we are of the opinion that the appellee here could have raised the same question on appeal from the board as he attempted to raise in the answer to the action in assumpsit. See *Sharps v. Revenue Commissioner*, supra, pages 474-477.

As we shall hereafter demonstrate, both the Philadelphia City Charter and ordinances passed under it, have, within limits, the effect of statutes. A sovereign can by statute limit the right to appeal. It does not necessarily follow, however, that a municipality, even one operating under a home rule charter with constitutional sanction, can by its own ordinances deny the right of appeal from its administrative agencies. We need not pass upon this, however, as we conclude section 10, supra, gave the taxpayer in this case the right to appeal from the board to the court had he first petitioned the board and been refused relief.

In *Dole v. Philadelphia*, 337 Pa. 375, 11 A. 2d 163 and 167 (1940) the legality of a former Philadelphia ordinance imposing the wage tax was attacked on the ground that there was no right of appeal provided in the ordinance. In affirming on the opinion of the court below, the Supreme Court adopted the following observation, "the ordinance requires [the Receiver of Taxes] to bring suit for recovery of the amount he claims and, in such suit, the taxpayer necessarily has his opportunity for hearing, appeal and judicial review." p. 383. This indicates that the Supreme Court believed the taxpayer had the right to question the accuracy of an assessment by his answer to the city's assumpsit action. This was on the assumption, however, that there was no other remedy provided. The Supreme Court later, on a motion for reargument, stated that it had not been called to its attention during the argument that a statute provided adequate methods whereby the taxpayer could have had any as-

sessment made against him reviewed by the Board of Revision of Taxes, and thereafter could have appealed from the board to the court p. 388.

In the case before us the taxpayer had a complete remedy through petition to the board and appeal to the courts, and he should have pursued that remedy.

It is settled both under common law and statute that where an act creates a right or liability or imposes a duty and prescribes a particular remedy for its enforcement such remedy is exclusive and must be strictly pursued. *Curran v. Delano,* 235 Pa. 478, 483, 84 A. 452 (1912). This means that one who fails to exhaust his statutory remedies may not thereafter raise an issue which could have and should have been raised in the proceeding afforded by his statutory remedy. *Commonwealth v. Lentz,* 353 Pa. 98, 104, 44 A. 2d 291 (1945) and cases there cited.

Where in any given case the taxing authorities have general power to assess the subject-matter involved, an assessment, made in manner and form authorized by law, cannot be questioned or set aside except in the way provided by statutes. *Stratford v. Franklin Paper Mills Co.,* 257 Pa. 163, 166, 101 A. 349 (1917); *Commonwealth v. Lentz,* supra.

In *Clinton School District's Appeal,* 56 Pa. 315, 317 (1867) the Court said, "all of the cases assert the doctrine that when the general power to assess exists, the proper remedy for illegal taxation is by appeal to those to whom the appeal is required to be taken . . ."

The procedure prescribed by statute must be strictly pursued to the exclusion of other methods of redress. This is particularly true of special statutory appeals from the action of administrative bodies. *Blank v. Board of Adjustment,* 390 Pa. 636, 640, 136 A. 2d 695 (1957); *Bartron v. Northampton County,* 342 Pa. 163, 168, 19 A. 2d 263 (1941).

Many of the cases holding that the statutory remedies are exclusive were brought in equity, where the action would be barred because there was an adequate remedy at law. *Penn Galvanizing Co. v. Philadelphia,* 388 Pa. 370, 375, 130 A. 2d 511 (1957) ; *Barth v. Gorson,* 383 Pa. 611, 119 A. 2d 309 (1956) ; *Pittsburgh Outdoor Advertising Co. v. Clairton,* 390 Pa. 1, 133 A. 2d 542 (1957) ; *Knup v. Philadelphia,* 386 Pa. 350, 353, 126 A. 2d 399 (1956).

But the rule is not limited to actions in equity. As early as 1879 in *Hare v. Commonwealth,* 92 Pa. 141, 144, 145, which was not an equity case, Justice PAXSON, speaking for the Supreme Court said, "The legislature having provided a particular mode of procedure . . . it must be followed . . . We might multiply authorities, but it is not needed. The principle is well settled."

It would serve no useful purpose for us to cite the scores of cases decided since that time which restate and uniformly apply the "well settled" principle.

Most of the cases are based upon the Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, §13, 46 PS §156, which provides: "In all cases where a remedy is provided, or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of the said acts shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeably to the provisions of the common law, in such cases, further than shall be necessary for carrying such act or acts into effect."

There are sound reasons to strictly follow the rule set forth in the Act of 1806, supra. By establishing an exclusive procedure for the determination of disputes arising in connection with the enforcement of a particular statute or ordinance, there is provided a single channel for the uniform, orderly and systematic

review of controversies by designated agencies and courts. The exclusiveness of the procedure prevents a diversity of judicial tribunals being called upon to decide a multitude of cases arising in a variety of forms. The procedure permits appeals to be heard by a tribunal whose members, because of their specialization, have acquired a particular competence over the subject matter. See *Curran v. Delano*, supra, 235 Pa. 478, 485 84 A. 452 (1912). Most of the controversies can be disposed of promptly by an administrative agency, thus substantially reducing the volume of litigation which otherwise would have to be heard by the courts. If it were necessary to have a court trial to determine the amount of tax due in all disputed cases, it is likely that the courts would become clogged with these cases. The taxpayer argues that the rule requiring the procedure prescribed by statute to be strictly pursued, restricts only affirmative action, and does not apply to a defense made by the one against whom the action is brought. The courts have never so held. The rule has been applied to defenses raised by defendants who failed to follow the prescribed procedure as well as to actions brought by plaintiffs who failed to follow the prescribed procedure.

In *Philadelphia v. Dougherty*, 153 Pa. Superior Ct. 554, 560, 34 A. 2d 918 (1943) this Court held that a taxpayer, having failed to appeal from the assessment as provided by law, could not dispute the amount due in an answer on a scire facias to enforce collection of the tax.

In *Philadelphia v. Kolb*, 288 Pa. 359, 136 A. 239 (1927) a taxpayer who failed to question the amount of tax due before the board of revision of taxes was denied the right to raise the question in an affidavit of defense (now called an answer) which he filed in an assumpsit action brought by the city. In this case

the Court said, p. 362, "If defendant thought the amount excessive, it was his duty to bring the matter before the board of revision of taxes and file with that board a correct statement as provided in the act. Failing to pursue this remedy, the question of the amount of the tax cannot be raised in this proceeding."

The rule is as applicable when the taxpayer is a defendant as when he is a plaintiff. See *Bartron v. Northampton County*, supra, 342 Pa. 163, 19 A. 2d 263 (1941).

Is the rule prescribed in the Act of 1806, supra, applicable to this case where the tax and the remedy were not established by a statute enacted by the General Assembly, but were established by the Philadelphia Home Rule Charter and an ordinance of the city passed to supplement and carry out its provisions?

The charter has the status of an act of the General Assembly. This was clearly stated by Justice (now Chief Justice) Jones in *Addison Case*, 385 Pa. 48, 57, 122 A. 2d 272 (1956) "That the Charter constituted legislation no less than does a statute of the legislature to like end is too plain for even cavil. . . . Philadelphia's Home Rule Charter constitutes legislation (i.e., the adoption or enactment of a law by a competent body) just as much as did the City's Charter of 1919 which the legislature itself enacted. Wherefore, upon its due adoption, Philadelphia's Home Rule Charter took on the force and status of a legislative enactment."

In *Bartle v. Zoning Board of Adjustment*, 10 D. & C. 2d 613, 619 (1957) affirmed by the Supreme Court on the opinion of President Judge Brown in 391 Pa. 207, 137 A. 2d 239, the Court held that an act of the General Assembly could be overridden not only by a provision of the charter, but also by the provision of an ordinance, providing it related "to a matter which is of purely local concern." See also *Ebald v. Phila-*

*delphia,* 7 D. & C. 2d 179, 183, 184 (1956), affirmed on the opinion of Judge LEVINTHAL in 387 Pa. 407, 128 A. 2d 352.

The ordinance involved here was enacted by council in carrying out the provisions of the charter relative to the procedure before the Tax Review Board. The charter created this board to be the agency to which taxpayers could appeal decisions of the executive branch of the city government affecting their tax ability. It provided for appeals to the court.

We are of the opinion that under these circumstances the procedure established by the charter and ordinance is "a remedy" subject to the provisions of the Act of 1806, supra. The taxpayer could have petitioned the Tax Review Board and, thereafter, if he desired, appealed to the courts. Failure of the corporate taxpayer to avail itself of this remedy bars it from raising the question of the amount of tax due by way of its answer to a complaint in the city's assumpsit action.

The order is reversed and the court below is directed to enter judgment on the pleadings in favor of the city in the amount due.