City of Philadelphia, Appellant *v.* Robert A. Hennessey, Appellee.

Argued October 5, 1979, before Judges WILKINSON, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*David J. Picker,* of *Fox & Fox,* with him *Stewart M. Weintraub,* Deputy City Solicitor, *Joel S. Luber,* Assistant City Solicitor and *Sheldon L. Albert,* City Solicitor, for appellant.

*Kenneth Werner,* with him *Timothy R. Smith,* for appellee.

OPINION BY JUDGE MACPHAIL, January 18, 1980:

On August 10, 1976, the City of Philadelphia (City) filed a Complaint in Assumpsit in the Court of Common Pleas of Chester County against Robert Hennessey seeking judgment in the sum of $2,214.88, plus interest and penalties, on account of wage taxes allegedly owed by Hennessey to the City for the years 1971-1974 inclusive. After Hennessey filed his answer to the complaint, the City filed a motion for judgment on the pleadings, which was denied. The City appeals from that order. We reverse.

Judgment on the pleadings should be granted only when a case is free from doubt and a trial would be a fruitless exercise. *Blumer v. Dorfman,* 447 Pa. 131, 289 A.2d 463 (1972). The City's complaint averred that for the years in question Hennessey was employed by Defense Personnel Supply Center in Philadelphia. That fact is admitted in Hennessey's answer. The complaint avers that the City adopted a Wage and Net Profits Tax Ordinance in 1939. Hennessey's answer demands proof of that fact. The complaint avers that Hennessey failed to file tax returns or pay the taxes due. Hennessey's answer admits those facts, but adds that he is not obligated to the City for the amount they claim to be due. He also states that he didn't know he was under an obligation

to file the tax returns. The City avers that it based its assessment of taxes due on information supplied by Hennessey's employer, that a notice of assessment was sent to Hennessey and that Hennessey did not file a petition for review with the Philadelphia Tax Review Board (Board) as authorized by Section 19-1702 of the Philadelphia Code. Hennessey's answer admits that he was notified of the assessments and that he did not file a petition with the Board. He demands proof of the source of the City's information for the assessment and adds that he was unaware that he could file a petition with the Board. The City avers that Hennessey had earnings in each of the tax years in an amount specified for each year. Hennessey admits those earnings. Finally, the City avers that it demanded payment of the tax, but that Hennessey refused to pay. Hennessey admits that the demand was made, but adds that the said sums are not due and owing "in that the defendant's said earnings were not earned totally in Philadelphia."

In its opinion denying the motion for judgment on the pleadings, the trial court did not reach Hennessey's assertion that he was unaware of his right to appeal to the Board, but suggests that *Walker v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 438, 381 A.2d 1353 (1978) is dispositive thereof. We agree with the trial court on that issue and hold that the *Walker* case is dispositive.

The basis for the trial court's order is the conclusion that Hennessey's failure to exhaust his administrative remedies did not preclude him from asserting a defense to the City's complaint. More specifically, the trial court held that since Hennessey raised the factual issue that some part of his earnings were not taxable, he should have his day in court because the expertise of the Board was not required to resolve such an issue and since the City's Department of Rev-

enue could not assess taxes on wages earned outside the City, the Board would be without jurisdiction with respect to the matter. It was necessary for the trial court to raise the jurisdictional question in order to distinguish the instant case from the *City of Philadelphia v. Kenny*, 28 Pa. Commonwealth Ct. 531, 369 A.2d 1343 (1977), *cert. denied*, 434 U.S. 923 (1978), where this Court held that the failure of the wage earners to exhaust the administrative remedy of review provided by appeal to the Board precluded challenge to the constitutionality of the City's wage tax and raising the defense of the bar of the statute of limitations. Contrary to the view of the learned trial judge in the instant case, we are of the opinion that the *Kenny* case cannot be distinguished. The obvious purpose of Section 19-1702 of the Philadelphia Code providing for the appeal to the Board is to give the wage earner a chance to make a record before an administrative board on the issue of why he believes he should not pay all or some of the tax. The Board's decision is reviewable of course. Unless that procedure is followed, valuable court time will be lost determining factual issues such as the one before us. We cannot assume that the Board is without jurisdiction until a record is made before the Board which would support such a conclusion.

*Philadelphia v. Sam Bobman Department Store Co.*, 189 Pa. Superior Ct. 72, 149 A.2d 518 (1959) is also authority for the proposition that where a taxpayer has a complete remedy through a petition to a review board and subsequent appeal therefrom to the courts, that remedy must be pursued; and where the taxpayer does not pursue that remedy judgment on the pleadings may be entered against the taxpayer.

In summary, where a taxpayer admits that he is employed in Philadelphia, that he failed to file Philadelphia wage tax returns or pay Philadelphia wage taxes,

604

even though he had earnings, and that he received notice of a tax assessment from the City, he cannot avoid a judgment against himself by raising the question of whether his earnings are taxable if he has not first filed an appeal from the tax assessment with the Board.

### ORDER

AND Now, this 18th day of January, 1980, the order of the Court of Common Pleas of Chester County dated October 13, 1978 is hereby reversed and the said Court is directed to enter judgment on the pleadings in favor of the City of Philadelphia and against Robert A. Hennessey in the amount due.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.