Louis Santoro, Appellant *v.* City of Philadelphia, Appellee.

Argued March 3, 1981, before President Judge CRUMLISH and Judges WILKINSON, JR. MENCER, ROGERS, CRAIG, MACPHAIL and PALLADINO. Judges BLATT and WILLIAMS, JR. did not participate.

Michael Radbill, with him Timothy R. Smith, for appellant.

Stewart Weintraub, Deputy Solicitor, with him William H. Wolf, Jr., Deputy Solicitor, Alan J. Davis, City Solicitor, and Theodore A. McKee, Deputy in Charge of Enforcement, for appellee.

OPINION BY JUDGE ROGERS, May 1, 1981:

The 211 appellants, whose appeals are here consolidated under one caption, are nonresidents of Philadelphia who have worked in the City but have failed to pay their City wage tax. They seek review of summary judgments for unpaid taxes, interest and penalties entered in favor of the City in the Court of Common Pleas of Philadelphia County in assumpsit actions brought by the City. The affidavits of City fiscal personnel filed with the motions for summary judgments established that the appellants paid no taxes, were assessed, received notices of the assessments and took no appeal to the City Tax Revenue Board.

The appellants present two issues on the merits: the first raises questions as to the accuracy of particular assessments which they say should have been the subject of trials below and the second asserts the bar of the Statute of Limitations. These issues were properly decided below adversely to the appellants on direct, controlling appellate authority and in affirming the judgments we adopt the opinion of Judge

Stanley M. Greenberg, who decided the cases for the court below:

COURT OF COMMON PLEAS
DECEMBER TERM, 1979
NO. 3089
CITY OF PHILADELPHIA
vs.
LOUIS D. SANTORO

Memorandum Opinion

Before us were Plaintiff, City of Philadelphia's (hereinafter 'City') Motion for Summary Judgment and Defendant's Answer thereto. For the reasons set forth in this Opinion, we granted the City's Motion for Summary Judgment.

Background

Defendant herein was employed by a federal agency within the City during the years set forth in the Complaint. At no time relevant to the Complaint was Defendant a resident of the City.

The Complaint in Assumpsit was filed by the City in order to recover unpaid wage and net profits taxes (hereinafter 'wage tax') owed, pursuant to their taxing authority under Section 19-1500 of the Philadelphia Code.

Defendant has failed to file a wage tax return for the years in question. As a result of earning information that the City had received from the federal agency employing Defendant, a delinquent-tax assessment was made. Defendant was notified of the assessment but has failed to pay the overdue taxes and has also failed to file a Petition for Review with the Tax Review Board.

Defendant had filed an Answer and New Matter to the City's Complaint. We had previously ruled that the City's Preliminary Objections to Defendant's New Matter were meritorious, and we dismissed Defendant's New Matter with prejudice.

Consequently, the City filed their Motion for Summary Judgment, contending that there existed no unresolved material issues of fact. In support of said Motion, the City attached the affidavits of Virginia Johns, Customer Collections Representative of the City's Department of Revenue, Loeb Shusterman, Revenue Data Processing Coordinator of the City's Department of Collections, and Albert Jenkins, Administrator of the City's Tax Review Board.

The aforementioned affidavits set forth the procedure that was followed by the City in pursuing Defendant's tax delinquencies. It is clear from these affidavits that Defendant received notice of the tax assessment and never paid the tax due or take an appeal from the assessment to the Tax Review Board.

Defendant had objected to Plaintiff's Motion for Summary Judgment on the following grounds: (1) Plaintiff's affidavits were inadequate, (2) Defendant denied ever receiving a notice of assessment or notice of his right to appeal to the Tax Review Board, and (3) the calculation of the alleged tax delinquency is inaccurate. Defendant did not file any depositions, affidavits, or the like, in support of these allegations.

## Discussion

Pennsylvania Rule of Civil Procedure 1035 (b) provides that summary judgment is only to be entered if the pleadings, depositions, an-

swers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In the case of Amabile v. Auto Kleen Car Wash, 249 Pa. Superior 240, 376 A.2d 247, 250 (1977), the Superior Court in holding that once the moving party has supported their motion for summary judgment with depositions or affidavits, or the like, the non-moving party may not rely on the controverted allegations of the pleadings to refute said motion. In support of this rationale the Superior Court cited Phaff v. Gerner, 451 Pa. 146, 150, 303 A.2d 826, 829 (1973), where the Pennsylvania Supreme Court held that '(s)upporting affidavits, after a motion for summary judgment are acceptable as proof of facts, Pleadings are not.'

Relevant to our determination is the express language of Pa. R.C.P. 1035(d), which provides, in pertinent part, that:

'When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided by the rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not respond, summary judgment, if appropriate, should be entered against him.' (emphasis supplied)

Accordingly, as set forth by the Pa. Supreme Court in Marchses [sic] v. Marchese, 457 Pa. 625, 630, 326 A.2d 321, 323 (1974) even if the non-moving party fails to file counter-affidavits, our next step is still to determine

whether the moving party has satisfied their burden of showing that there exists no material issue of fact.

Having determined that Defendant has failed to adequately support their contentions in their response to Plaintiff's Motion for Summary Judgment through the use of affidavits or depositions, we now proceed to determine whether Plaintiff's Motion and three supporting affidavits 'clearly dispel the existence of any genuine factual issue as required by Rule 1035(b)'. Marchese, *supra,* at 630.

Plaintiff's Motion and supporting affidavits clearly show that, based on earnings information received by Defendant's federal employer, the City sent notice to Defendant of a wage tax delinquency. Furthermore, the affidavits provide that although the assessment had been made and sent to Defendant, no appeal from the assessment was ever taken by Defendant to the Tax Review Board.

Based on the aforementioned unrefuted facts, we ruled that Plaintiff's Motion for Summary Judgment was appropriate. In the seminal decision in City of Philadelphia v. Kenny, 28 Pa. Cmwlth. 531, 369 A.2d 1343 (1977); *allocatur denied, cert. denied,* 434 U.S. 923, 54 L. Ed. 2d 281 (1977), the Pennsylvania Commonwealth Court upheld the lower Court's granting of Judgment on the Pleadings or Summary Judgment against the appellants in a factually similar situation. The Court based their affirmance of the lower Court on the following grounds: (1) the wage tax was constitutional; (2) the defendants had failed to exhaust their administrative remedies by appealing the adverse assessment to the Tax Review Board, and

(3) the applicable statute of limitations did not bar the relief that the City had requested.

Applying the reasoning of Kenny, it is apparent that Defendant had failed to exhaust his administrative remedies. Furthermore, even *assuming arguendo*, that an appeal had been taken before the Tax Review Board, the City could still pursue their claims because the statute of limitations was not a bar to seeking relief. Pursuant to Section 19-509(a) of the Philadelphia Code, the statute of limitations does not begin to run until the taxpayer has filed a wage tax return or report. In the case at bar, Defendant has done neither.

Defendant's remedy before the Tax Review Board was his exclusive remedy and must be strictly pursued. Philadelphia v. Sam Bobman Department Store Co., 189 Pa. Superior 72, 149 A.2d 518 (1959). In the recent decision of City of Philadelphia v. Hennessey, 48 Pa. Cmwlth. Ct. 600, 411 A.2d 567 (1980), the Commonwealth Court held that when a taxpayer fails to file an appeal from a tax assessment, he cannot avoid judgment against him by raising certain defenses that should have been raised at the administrative level.

Consequently, having come to the conclusion that Defendant has failed to refute Plaintiff's affidavits with the appropriate depositions, affidavits, or the like, and having determined that pursuant to Kenny, and its progeny, that the granting of Plaintiff's Motion for Summary Judgment 'is appropriate', we entered an Order granting said Motion consistent with this Opinion.

The appellants contend in this court that they were denied due process below because, according to an af-

fidavit of Timothy R. Smith, Esquire, sometime counsel for the appellants, Judge GREENBERG "in chambers and off record" after the summary judgments had been granted, said to Mr. Smith that he, the Judge, "did not review any papers or documents in opposition to the City of Philadelphia's motion for summary judgments and that he granted said summary judgments never having reviewed the individual cases before the Court." Judge GREENBERG has executed an affidavit deposing that Mr. Smith's charges are untrue, that he did not say the things attributed to him and that on the contrary he did review all pertinent papers and documents filed in opposition to the motions for summary judgments and that he reviewed each case before entering the order granting summary judgment. Judge GREENBERG further deposed that in fact he had discussed with Mr. Smith the question of whether he had correctly refused to hear evidence concerning alleged errors made by the City in calculating some of the assessments and that he told Mr. Smith that he did not consider such evidence because Mr. Smith's clients, having failed to exhaust their administrative remedies, were not entitled to adduce such evidence in defense of these suits.

We do not believe that Judge GREENBERG made the statements attributed to him by Mr. Smith and we suggest, perhaps charitably, that Mr. Smith has misinterpreted Judge GREENBERG's wholly proper statement that he was not compelled to consider or hear evidence concerning alleged miscalculations of the appellants' uncontested and unappealed from assessments.

Finally, we have before us the City's petition for the award of counsel fees in the suggested amount of $50,000.00 made pursuant to Section 2503 of the Judicial Code, 42 Pa. C. S. §2503 which pertinently provides:

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

. . . .

(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

As Judge GREENBERG's opinion shows, the appellants have not advanced in these cases any challenge to the suits or to the summary judgments entered thereon which was not advanced, fully considered and definitively disposed of in *City of Philadelphia v. Kenny,* 28 Pa. Commonwealth Ct. 531, 369 A.2d 1343 (1977), *allocatur denied, cert. denied,* 434 U.S. 923, rehearing denied, 434 U.S. 1025 and *City of Philadelphia v. Hennessey,* 48 Pa. Commonwealth Ct. 600, 411 A.2d 567 (1980), *allocatur denied.*

It would serve no useful purpose to repeat the history of the vast litigation over the Philadelphia wage tax as applied to nonresidents. Only the groundless allegation of a dereliction on the part of the hearing judge distinguishes these cases from their many predecessors. We are satisfied that these defenses were vexatious; that is, "instituted without sufficient grounds and serving only to cause annoyance". The Webster New Encyclopedic International Dictionary, 1975.

The City has provided no substantiation for its assertion that it has expended $50,000.00 in pursuing these delinquents to judgments. We have examined the City's complaints, motions, affidavits and other filings and find them to be neither difficult nor indeed much different one from the other. We consider that the City should be awarded counsel fee as a part of the taxable costs in the amount of $25.00 for each of the 211 cases here appealed.

Judgments affirmed; in addition to costs ordinarily taxable, it is ordered that the City of Philadelphia be and it is hereby awarded counsel fee in the amount of $25.00 in each of the 211 cases here appealed.

ORDER

AND Now, this 1st day of May, 1981, the judgments entered below in the 211 appeals to this court docketed to Nos. 2604 C.D. 1980 through 2717 C.D. 1980 and to Nos. 2720 C.D. 1980 through 2816 C.D. 1980 are affirmed; in addition to costs ordinarily taxable, it is ordered that the City of Philadelphia be and it is hereby awarded counsel fee in the amount of $25.00 in each of the 211 cases here appealed.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON, JR.