620 A.2d 46

**Joseph KRUG, Appellant,**

v.

**CITY OF PHILADELPHIA, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1992.

Decided Jan. 5, 1993.

476

Ronald Jay Smolow, for appellant.

Timothy N. Rausch, for appellee.

Before COLINS and FRIEDMAN, JJ., and LORD, Senior Judge.

COLINS, Judge.

Joseph Krug (Krug) appeals an order of the Court of Common Pleas of Philadelphia County (trial court) which granted the City of Philadelphia's (City) motion for summary judgment and directed Krug to pay $7,429.61 in delinquent wage and net profit taxes and $6000.00 in fines.

The City filed a "Complaint in Civil Action" against Krug to collect unpaid wage and net profit taxes for the years 1981–1985, inclusive; the City also asked the trial court to impose fines on Krug for his failure to file tax returns and his failure to pay taxes due. The City averred that Krug was assessed for the taxes and that he never appealed the assessments to the City's Tax Review Board. Krug filed an answer to the City's complaint in which he averred that for most of the time in question he was not a resident of the City and was not subject to the tax. He also averred, in the alternative, that he was excused from paying the taxes because he was physically and mentally ill during the period in which the taxes were due. Krug admitted in his answer that he never appealed to the Tax Review Board, but he denied that he was obligated to file such an appeal.

Thereafter, the City filed a motion for summary judgment. In support of its motion, the City introduced the affidavits of tax officials who certified that the City assessed Krug for the delinquent taxes. In response to the City's motion, Krug introduced an affidavit in which he attested that he did not work in the City at any time between 1981 and 1985, and that he did not reside in the City. The trial court granted the City's motion for summary judgment and ordered Krug to pay

the $7,429.61 in delinquent taxes and, further, imposed $6000 in fines on him for his failure to file tax returns and pay the tax. The Honorable Russell M. Nigro of the Court of Common Pleas of Philadelphia County explained his decision as follows:

Defendant has produced no evidence in contradiction to the Plaintiff's well-supported motion with affidavits stating that taxes are due.... Defendant's counter affidavit ... is, in essence, nothing more than an extension of Defendant's denials contained in his Answer.... Defendant's failure to exhaust his administrative remedy by not appealing his tax assessment to the Philadelphia Tax Review Board is further proof that Defendant did not dispute the Department of Revenue's prior determination that Defendant was, in fact, a resident of the City.... The conclusive nature of the tax review process and the findings of the Tax Board are recognized by this Court under the facts and circumstance here.

This appeal followed.

Krug raises two contentions: (1) the trial court erred in granting summary judgment because there are outstanding questions of material fact; and (2) the trial court erred by holding that the City's tax assessment was final and conclusive.

The Commonwealth granted the City the power to levy, assess, and collect taxes in the Act of August 5, 1932, Ex.Sess., P.L. 45, *as amended,* 53 P.S. § 15971, commonly known as the Sterling Act. Pursuant to the authority granted under the Sterling Act, the City passed an ordinance creating a wage and net profits tax (hereafter referred to as the tax or the wage tax). The Philadelphia Code (Code) §§ 19–1501–19–1504. The tax is levied on salaries, wages, commissions, and other compensation paid by employers, and the tax is levied on the net profits of businesses. Section 19–1501 of the Code. Individuals who reside in the City and non-residents who earn wages in the City are both subject to the tax. Section 19–1502 of the Code. In addition, the tax is imposed on profits earned by businesses operated by City residents and on profits

earned by businesses operated in the City by non-residents. *Id.* While City residents are taxed on wages and profits without regard to whether the income was earned in City, non-residents are taxed only to the extent that the wages and profits are earned in the City. Section 19–1502 of the Code; *see also* Joseph C. Bright, Jr., Pennsylvania Taxation § 42.110 (1988).

The Tax Review Board (Board) provides an administrative remedy for the resolution of disputes concerning a person's liability for City taxes, including disputes over the wage tax.[1] Section 19–1701 of the Code; *City of Philadelphia v. Kenny*, 28 Pa.Commonwealth Ct. 531, 369 A.2d 1343, *cert. denied*, 434 U.S. 923, 98 S.Ct. 401, 54 L.Ed.2d 281 (1977). The Board conducts public hearings at which a taxpayer is afforded the opportunity to make a record on the issue of why he or she should not pay all or some of the tax; at the conclusion of the hearing, the Board issues a written decision on the taxpayer's liability for the tax. Section 19–1701 of the Code; *City of Philadelphia v. Hennessey*, 48 Pa.Commonwealth Ct. 600, 411 A.2d 567 (1980). Once a party has exhausted its administrative remedy before the Board, the party may appeal an adverse decision of the Board to the Court of Common Pleas of Philadelphia County pursuant to Section 752 of the Local Agency Law, 2 Pa.C.S. § 752, and Section 933 of the Judicial Code, 42 Pa.C.S. § 933. *See also* Section 19–1706 of the Code.

■ Generally, a taxpayer who fails to exhaust administrative remedies may not, thereafter, raise issues which could have and should have been raised in the administrative proceeding. *Commonwealth v. Lentz*, 353 Pa. 98, 44 A.2d 291 (1945); *Bynum v. Department of Revenue*, 86 Pa.Commonwealth Ct. 155, 484 A.2d 210 (1984). This rule has been applied to assessment appeals involving the City's wage tax.

In *Kenny*, several appellants, all residents of the State of New Jersey who were employed in the City, appealed a decision of the Court of Common Pleas of Philadelphia County

---

1. The Board is an administrative agency established by Sections 3–100(f) and 6–207 of the Philadelphia Home Rule Charter, 351 Pa.Code §§ 3.3–100(f) and 6.6–207.

granting the City summary judgment and ordering them to pay delinquent wage taxes. The City had filed complaints against the appellants to collect delinquent wage taxes. In response to the City's complaints, the appellants argued that the tax was unconstitutional as applied to them, and that the City's complaints were barred by the statute of limitations. The trial court held, *inter alia*, that the appellants waived the aforementioned defenses, because they failed to appeal their tax assessments to the Board. On appeal, this Court held that the appellants' failure to appeal their assessments to the Board precluded them from raising defenses to the assessments. We reasoned that an appeal to the Board was an exclusive administrative remedy subject to the rule of exhaustion prescribed in Section 1504 of the Statutory Construction Act of 1972 (Act), 1 Pa.C.S. § 1504.[2] Since the failure to strictly pursue an exclusive administrative remedy precludes a party from subsequently asserting defenses to a claim, the appellants could not raise the defenses of the constitutionality of the tax as applied and the statute of limitations to the City's tax collection action. *Accord Philadelphia v. Sam Bobman Department Store Company*, 189 Pa.Superior Ct. 72, 149 A.2d 518 (1959).

Moreover, in *Santoro v. City of Philadelphia*, 59 Pa.Commonwealth Ct. 114, 429 A.2d 113 (1981), the appellants, twenty-one non-residents of the City who worked in the City, were ordered by the Court of Common Pleas of Philadelphia County to pay delinquent City wage taxes. The City initiated the litigation by filing complaints in assumpsit against the appellants to collect unpaid wage taxes. The appellants were assessed for the taxes, but they never appealed their assessments to the Board. The appellants, however, argued that they never received notices of assessment and that the calculation of the tax delinquency was inaccurate. The City filed motions for summary judgment, which were granted. Applying our decision in *Kenny*, the trial court held that the

2. Section 1504 of the Act, 1 Pa.C.S. § 1504, is as follows:

> In all cases where a remedy is provided or a duty is enjoined or anything is directed to be done by any statute, the directions of the statute shall be strictly pursued....

appellants' failure to take appeals to the Board challenging their assessments precluded them from asserting the aforementioned defenses. The trial court stated that the Board is the exclusive remedy and must be strictly pursued; when a taxpayer fails to appeal a tax assessment, he or she cannot avoid judgment by raising defenses that should have been raised before the Board. On appeal to this Court, we affirmed and adopted the opinion of the trial court.[3]

In sum, *Kenny* and *Santoro* stand for the proposition that an appeal to the Board is the sole method of raising defenses to a City wage tax assessment. When the City files a civil action in a common pleas court to collect delinquent wage taxes, and the taxpayer never appealed the assessment for the wage taxes to the Board, all defenses against the tax assessment which should have been raised before the Board are waived and, thus, may not be interposed against the City's collection action.

Krug first contends that the trial court erred in granting the City summary judgment, because there were unresolved questions of fact. A trial court may grant summary judgment only when the moving party demonstrates that no issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Wellons v. SEPTA*, 141 Pa.Commonwealth Ct. 622, 596 A.2d 1169, *petition for allowance of appeal denied*, 529 Pa. 643, 600 A.2d 1260 (1991). We may not reverse a trial court's order granting summary judgment in the absence of an error of law or a manifest abuse of discretion. *Id.*

---

3. Our decisions in *Santoro* and *Kenny* must be compared to our decision in *City of Philadelphia v. Hertler*, 114 Pa.Commonwealth Ct. 475, 539 A.2d 468 (1988). In *Hertler*, we held that a corporation's failure to appeal a City wage tax assessment to the Board did not waive the right of a corporate officer, whom the City did not allege was ever given notice of assessment, to assert defenses to the tax assessment. *Hertler* is distinguishable from *Santoro* and *Kenny*, because a corporation is an institutional person; hence, while the corporation waived its defenses by failing to appeal the assessment to the Board, the corporate officer, since he was a different person, was still able to assert defenses to the City's claim.

■ Krug argues that the following questions of material fact remain in dispute: (1) whether he resided in the City; (2) whether he ever worked in the City; and (3) whether he was too ill to respond to the assessment. The case *sub judice* was initiated when the City filed a civil action against Krug in the trial court to collect unpaid wage taxes. It is clear from the record that the City assessed Krug for the taxes and that he never exhausted the administrative remedy provided in the Code by appealing the assessment to the Board. All of the above questions of material fact argued by Krug constitute defenses to the tax assessment which should have been raised before the Board. Hence, because Krug failed to exhaust his administrative remedy by appealing his assessment to the Board, we must conclude that Krug's defenses are waived.[4] *Kenny; Santoro.* Moreover, we conclude that Krug, by not appealing the tax assessment to the Board, waived all possible defenses to the City's tax claim, with the exception of the defense of lack of subject matter jurisdiction.[5] Therefore, we hold that there were no outstanding questions of material fact which would have precluded the trial court from granting summary judgment.

Also, Krug contends that the trial court erred in holding that the tax assessments were final and conclusive. We disagree. In *Lentz,* our Supreme Court stated:

4. Krug incorrectly argues that he had no obligation to file a tax return or to file an appeal with the Board, because he was not a City resident or employed in the City. Krug was not exempt from the obligation of appealing his assessment to the Board simply because he alleged that he was not a resident of the City and did not work in the City. If he believed that he was not subject to the tax, Krug should have appealed to the Board and created a record which would support that conclusion. *See Hennessey.*

5. An objection to the lack of subject matter jurisdiction can never be waived. *Commonwealth v. Little,* 455 Pa. 163, 314 A.2d 270 (1974). In the present case, Krug does not contend that the trial court lacked subject matter jurisdiction. Nevertheless, we conclude that the trial court had subject matter jurisdiction over the City's action to recover delinquent wage taxes. Section 931 of the Judicial Code, 42 Pa.C.S. § 931; *City of Philadelphia v. Konopacki,* 27 Pa.Commonwealth Ct. 391, 366 A.2d 608 (1976) (common pleas court had subject matter jurisdiction over City's action to enforce the wage tax against non-residents employed in a Federal area).

A taxpayer who does not exhaust the remedy provided before an administrative board to secure the correct assessment of a tax, cannot thereafter be heard by a judicial tribunal to assert its invalidity.

*Id.* at 104, 44 A.2d at 293 (quoting *Gorham Manufacturing Company v. State Tax Commission of New York*, 266 U.S. 265, 269–70, 45 S.Ct. 80, 81, 69 L.Ed. 279 (1924)). Thus, because Krug has waived any defenses he had to the tax assessment by failing to appeal to the Board, he cannot avoid judgment against him for the taxes due. *Santoro; Hennessey.* Therefore, we hold that Krug's tax assessment is final and conclusive.

In light of the above, because there were no unresolved questions of material fact and the City was entitled to judgment as a matter of law, we hold that the trial court correctly granted the City's motion for summary judgment. Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 5th day of January, 1993, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.