**Doran v. Metropolitan Property & Casualty Insurance Co.**

C.P. of Monroe County, no. 8060 Civil 1996.

*Mark A. Primrose,* for plaintiff.
*Shawn M. Dethlefsen,* for defendant.

O'BRIEN, *J.,* October 6, 1998—On December 9, 1996, plaintiff filed a complaint pursuant to the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. §1701 et seq., alleging that defendant Metropolitan Property and Casualty Insurance Co. failed to pay all allowable medical expenses incurred by the plaintiff as a result of an automobile accident. Although the defendant insurance company's answer admitted plaintiff was its insured, the company asserted that the plaintiff does not have standing to sue under the MVFRL. The defendant has now filed a motion for summary judgment which, following argument at the pretrial conference scheduled in this proceeding, is now before the court for disposition.

Pennsylvania Rules of Civil Procedure provide in pertinent part as follows:

*"Rule 1035.2 Motion*

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issue to be submitted to a jury."

Summary judgment is a means to eliminate the waste of time and resources of both litigants and the courts in cases where a trial would be a useless formality. *Liles v. Balmer,* 389 Pa. Super. 451, 567 A.2d 691 (1989). The party moving for summary judgment has the burden of demonstrating that no genuine issue of material fact exists and that they are entitled to summary judgment as a matter of law. *Krug v. City of Philadelphia,* 152 Pa. Commw. 475, 620 A.2d 46 (1993). A material fact is one which affects the outcome of the case. *Beach v. Burns International Security Services,* 406 Pa. Super. 160, 593 A.2d 1285 (1991). In deciding a motion for summary judgment, the record must be viewed in a light most favorable to the non-moving party and summary judgment may only be entered in cases where the right is clear and free from doubt. *O'Brien Energy*

*v. American Employers' Insurance Co.,* 427 Pa. Super. 456, 629 A.2d 957 (1993); *American States v. Maryland Casualty Co.,* 427 Pa. Super. 170, 628 A.2d 880 (1993).

The present case is not clear and free from doubt. Defendant's motion for summary judgment is premised upon plaintiff's lack of standing. In order to have standing, a plaintiff must have a substantial interest in the subject matter of the litigation and the interest must be direct, immediate and not a remote consequence. *South Whitehall Township Police v. South Whitehall Township,* 521 Pa. 82, 555 A.2d 793 (1989). A substantial interest is one that has a discernible adverse effect to some interest other than the abstract interest of all citizens. *William Penn Parking Garage Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975).

The defendant maintains that the insured has been removed from the medical billing process pursuant to 75 Pa.C.S. §1797(a) and §1797(b)(7). Defendant asserts that these sections place the onus solely on healthcare providers to challenge the nonpayment of medical expenses. Defendant cites *Kuropatwa v. State Farm Mutual Automobile Insurance Company,* 29 D.&C.4th 494 (C.P. Bucks 1995)[1] for the proposition that plaintiff lacks standing to sue for the insurer's refusal to pay the medical providers because the only parties aggrieved by nonpayment of medical bills are the providers themselves. While we respect the opinion of our esteemed colleague from Bucks County, we do not find the reasoning in that case persuasive.

---

1. Since the Superior Court affirmed this decision by a memorandum opinion, we are not bound by that holding. Furthermore, the Supreme Court granted the insured's petition for allowance of appeal, and argument has been held before the Supreme Court on this issue. (28 E.D. appeal docket 1997.)

In *Henry v. State Farm Insurance Co.,* 788 F. Supp. 241 (E.D. Pa. 1992), the United States District Court for the Eastern District of Pennsylvania reasoned persuasively as follows:

"The insured's immediate and substantial interest lies in her continued treatment and professional relationship with her doctor and her hospital. If past medical bills are unpaid, and future payments are uncertain, experience teaches that this can put something of a damper on a doctor's or hospital's willingness to provide treatment, and the Hippocratic zeal to heal begins to wane. The plaintiff's interest in her health and medical care is sufficiently direct and substantial to imbue her with standing to sue."

Thus, there are important collateral consequences that can result from denying the insured standing to sue. Furthermore, the insured pays the insurance company premium and should have the right to sue to enforce the terms of their contract.

In addition, although the statute may indicate a preference for the provider to bear the burden of challenging a denial of payment, the statute does not eliminate an insured's right to challenge denial of his first-party benefits. Where an insurer unreasonably refuses to pay first-party benefits and fails to submit a claim to a PRO, an insured may bring an action against the insurer. Section 1797(b)(4) provides:

"(4) Appeal to court. A provider of medical treatment or rehabilitative services or merchandise *or an insured* may challenge before a court an insurer's refusal to pay for past or future medical treatment or rehabilitative services or merchandise, the reasonableness or necessity of which the insurer has not challenged before a PRO. Conduct considered to be wanton shall be subject to

a payment of treble damages to the injured party." 75 Pa.C.S. §1797(b)(4). (emphasis added)

In addition, subsection (b)(2) states that "[a]n insurer, provider *or insured* may request a reconsideration by the PRO of the PRO's initial determination." 75 Pa.C.S. §1797(b)(1). (emphasis added) Thus, the Act specifically grants the insured standing to seek reconsideration of a PRO's initial determination. Granting the insured the ability to participate in the PRO process inherently recognizes that the insured has a discernible if not a substantial interest in the outcome of the matter. Plaintiff's interest in her health and medical care is sufficient to deny defendant's motion for summary judgment. It is further noted that in the case at bar, plaintiff in fact has made payment of some of her medical bills for which she seeks reimbursement and has also been denied further surgery which she claims is necessary for her proper health care.

## ORDER

And now, October 6, 1998, the motion of Metropolitan Property and Casualty Insurance Co. for summary judgment is denied.