# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nathan Lerner, : 
           Appellant : 
            : 
            : 
           v. : No. 1943 C.D. 2014
            : SUBMITTED: October 16, 2015
Philadelphia Tax Review Board : 

**BEFORE:**    **HONORABLE BONNIE BRIGANCE LEADBETTER,** Judge
                    **HONORABLE P. KEVIN BROBSON,** Judge
                    **HONORABLE ROCHELLE S. FRIEDMAN,** Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**                    **FILED: January 8, 2016**

Appellant, Nathan Lerner, proceeding *pro se*, appeals from the order of the Court of Common Pleas of Philadelphia County, granting the City of Philadelphia's motion pursuant to Pennsylvania Rule of Civil Procedure 233.1, Pa. R.C.P. No. 233.1,[1] to dismiss his appeal from the decision of the Philadelphia Tax

---

[1] Rule of Civil Procedure 233.1 provides, in relevant part:
> (a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that
> > (1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and
> > (2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.
> *\*`\*`\*`\**

**(Footnote continued on next page…)**

Review Board (the Board), which rejected as duplicative his petition for appeal from a tax assessment. We affirm.

On September 25, 2009, the City filed a collection action in common pleas against Lerner, seeking to collect unpaid Business Income and Receipts Tax (BIRT) assessments for the years 2000-2006 and Net Profits Tax (NPT) assessments for the years 2000-2006. On June 26, 2013, after a bench trial, common pleas entered judgment in favor of the City in the amount of $280,772.67 for taxes, interest, and penalties, and $33,600 in fines. Lerner appealed to this court, which affirmed.[2] *City of Phila. v. Lerner* (Pa. Cmwlth. No. 1347 C.D. 2013, filed Dec. 11, 2014).

On November 12, 2010, while the collection action was pending in common pleas, Lerner filed a petition for appeal with the Board requesting review of the BIRT and NPT assessments for the years 2000-2006. After a hearing, the Board denied the appeal determining it lacked jurisdiction because the taxes at issue were the subject of the collection action. Lerner appealed to common pleas,

---

**(continued…)**

> (c) Upon granting the motion and dismissing the action, the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court.

[2] Lerner appealed to the Pennsylvania Supreme Court, which granted allocatur on the question:

> Whether the Commonwealth Court properly decided that it was constrained by its own decision in *Krug v. City of Philadelphia*, 620 A.2d 46 (Pa. Cmwlth. 1993), to sustain a judgment for a tax assessment where the Common Pleas Court found that there was no rational basis for the amount allegedly owed by the petitioner and the Commonwealth Court stated that the City's tactics may well lack authority in law.

*City of Phila. v. Lerner* (Pa. 26 EAP 2015, filed June 25, 2015).

which directed him to obtain a copy of the hearing transcript from the Board proceedings. In September 2012, after learning that Lerner had so far failed to obtain the transcript, common pleas entered an order mandating that he purchase a copy of transcript within 20 days. Thereafter, because Lerner had failed to obtain a copy of the transcript, the City moved to quash his appeal for failure to prosecute. Common pleas granted the motion and quashed the appeal on January 28, 2013. Lerner appealed to the Commonwealth Court, which affirmed.

On July 23, 2012, while the appeal from the first petition was pending before common pleas, Lerner attempted to file a second petition for appeal with the Board regarding the BIRT and NPT assessments that were the subject of his first petition. The Board rejected the second petition for appeal. Lerner did not file an appeal in common pleas.

On August 26, 2013, Lerner filed a third petition for appeal with the Board seeking review of the assessment of the NPT for the tax years 2002-2005. The Board rejected the third petition for appeal and Lerner appealed to common pleas. Before common pleas, the City moved pursuant to Rule 233.1 to dismiss Lerner's appeal. Common pleas granted the City's motion and dismissed the appeal from the third petition for appeal.

On September 23, 2013, Lerner filed a fourth petition for appeal with the Board seeking review of the NPT assessment for the tax years 2002-2005. The Board rejected the fourth petition for appeal on the basis that it had already reviewed and adjudicated the assessments. Lerner again filed an appeal with common pleas.

The City again filed a motion pursuant to Rule 233.1 to dismiss Lerner's appeal from the Board's rejection of his fourth petition for appeal. The

3

City asserted that the assessment of tax liabilities for 2002-2005 had been resolved by common pleas during Lerner's appeals from his first and third petitions for appeal. Lerner opposed the motion arguing that the tax assessment was invalid because he had not received an original notice of assessment, the Board misapplied *res judicata* as a basis for rejecting his fourth petition for appeal because the Board's decision on his first petition for appeal applied only to the tax year 2000, the certified record of the Board's proceedings was incomplete, and subsequent tax bills constituted new evidence that provided an exception to *res judicata*. Common pleas granted the City's motion to dismiss, (1) ordering that Lerner's appeal was dismissed with prejudice, (2) barring him from instituting additional litigation against the Board, the City, or any related defendants arising from the same or related claims without leave of court, and (3) barring him from filing any additional petitions with the Board arising from the same or related claims without leave of court.

Lerner filed a notice of appeal with the Commonwealth Court. On January 5, 2015, common pleas filed an opinion pursuant Pennsylvania Rule of Appellate Procedure 1925(a), Pa. R.A.P. 1925(a). Common pleas found that Lerner had filed four successive petitions for appeal against the City before the Board challenging the NPT assessments for the tax years 2002-2005, all of which had been adjudicated to a conclusion. Common pleas concluded that these circumstances satisfied the prerequisites of Rule 233.1 and, accordingly, dismissal of his appeal was proper.

Lerner argues that common pleas should have allowed him to establish a record that the Board, rather than common pleas, had jurisdiction to determine whether the tax bill sent to him by the City in August 2013 had been

4

preceded by a requisite tax assessment notice and whether this tax billing was defective and legally invalid. Lerner also asserts that the Board exceeded its ministerial authority, misapplied *res judicata*, and wrongfully prevented him from making a record in support of his petition for appeal. Finally, he maintains that common pleas erred in dismissing his appeal and barring him from exhausting his administrative remedies and making a record before the Board of the new issues raised by the delinquent tax bill he received in October 2013.

After careful review of the record, the briefs of the parties and the relevant law, this Court finds that the relevant issues in this matter are accurately and sufficiently addressed in the opinion of the Honorable Nina Wright Padilla, Judge of the Court of Common Pleas of Philadelphia County, filed January 5, 2015, in *Lerner v. Tax Review Board*, Civil Division, November Term 2013, No. 0005. Accordingly, this Court affirms common pleas' order on the basis of that opinion.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nathan Lerner,                                :
               Appellant        :
                        :
           v.                    :        No. 1943 C.D. 2014
                        :
Philadelphia Tax Review Board   :

## **O R D E R**

AND NOW, this 8th day of January, 2016, the order of the Court of Common Pleas of Philadelphia County is hereby AFFIRMED.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge