Condemnation of Property of Robert E. Stewart, Known as Lot No. 76 in the General Plan of the Borough of California, Pa. Etc. Robert E. Stewart, Appellant. Equibank, N.A., Intervenor.

Submitted on briefs May 5, 1982, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Raymond P. Amatangelo,* for appellant.

No appearance for appellee.

OPINION BY JUDGE MACPHAIL, August 26, 1982:

Robert E. Stewart (Appellant) was the record owner of real estate in the Borough of California, Washington County, Pennsylvania which was the subject of eminent domain proceedings instituted by the Washington County Housing Authority (Authority). He appeals to this Court from an order of the Court of Common Pleas of Washington County which distributed damages pursuant to a petition filed by the Authority under the provisions of Section 521 of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-521, which provides, *inter alia,* that if a condemnor is unable to determine proper distribution of the damages, it may, without payment into court, petition the court to distribute the damages.

While the substantive issues presented to us by Appellant's brief[1] raised some interesting legal questions, we need not address those issues for the reason that Appellant has not submitted them to the trial court.

Upon receipt of the Authority's petition, the trial court directed that a rule be issued upon the condemnee (Appellant herein) and any parties in interest to show cause why the damages awarded by the board of view should not be distributed according to the schedule attached to the petition by the Authority. Appellant filed no answer to the petition, he did not appear in person or by counsel at the hearing and he filed no exceptions to the order of the trial court from which he now appeals.[2]

As we have noted, Section 521 of the Code provides a procedure by which the trial court may determine the priority of those who may have a claim to the damages awarded in an eminent domain proceeding. The Authority and the trial court followed the statutory procedure. Appellant failed to respond[3] in any manner to the opportunities afforded him to dispute the suggested schedule of distribution as well as to set forth his own claim to the fund. We hold that he is now barred from doing so in this Court. We recognize that Section 523 of the Code, which was subsequently repealed and then replaced by 42 Pa. C. S. §762(a)(6),

---

[1] The matter was submitted by Appellant without oral argument. We were not favored with briefs from any other parties.

[2] When the matter was submitted to us, there was no record of the proceedings at the hearing on the rule to show cause and no opinion by the trial court setting forth the reasons for his order. We entered a preliminary order directing that these matters be filed. It is from the trial court's memorandum opinion that we ascertained the procedural defects.

[3] Appellant has not argued that he was without notice of the petition and hearing. Included in the original record is proof of service of the petition upon Appellant.

gives a right of appeal from the order of the trial court to any party, but implicit in any statutory right of appeal is a duty imposed upon the appellant to perfect and protect his right to appeal by laying adequate ground-work in the trial court. This, of course, is necessary to afford the trial court the opportunity to adjudicate factual and legal issues *before* appellate review. It is well settled that issues not raised in, or considered by, the trial court cannot be considered on appeal. *Hawk Sales Co., Inc. v. Pennsylvania Department of Transportation,* 38 Pa. Commonwealth Ct. 535, 394 A.2d 657 (1978).

Finding no abuse of discretion or error of law on the part of the trial court, *Hawk Sales Co.,* we must affirm that court's order.

ORDER

The order of Court of Common Pleas of Washington County, Pennsylvania entered June 26, 1981 is affirmed.