James R. Simmons et al., Appellants *v.* City of Philadelphia, Appellee.

Pat Abbatantuono et al., Appellants *v.* City of Philadelphia, Appellee.

Submitted on briefs December 5, 1983, to Judges ROGERS, MACPHAIL and BARRY, sitting as a panel of three.

*Kenneth E. Aaron,* for appellants.

*Mark Aronchick,* Acting City Solicitor, with him *Theodore A. McKee,* Deputy in Charge of Enforcement, *Ellis Saull,* Chief Assistant Solicitor, and *William H. Wolf, Jr.,* Deputy City Solicitor, for appellee.

OPINION BY JUDGE ROGERS, February 21, 1984:

The City of Philadelphia brought actions in assumpsit against 958 nonresidents for delinquent wage taxes. All of the defendants were represented by one attorney, who filed an answer and new matter in their behalf asserting the following defenses: (1) that the assessments were either not made by the taxing authorities or if made, they were not received by the defendants; (2) that the defendants were entitled to a set-off for income earned while working outside the

city; and (3) that the actions were barred by the statute of limitations. The city filed a reply to the new matter. The actions were consolidated and the city filed a motion for summary judgment with supporting affidavits. No answer or other contest to the city's motion for summary judgment was made by the defendants.

The court granted the city's motion for summary judgment. It concluded with respect to the defense based on the lack of assessments, or notice thereof, that the city's supporting affidavits "clearly show[ed] that . . . the City sent notice to Defendant[s] of . . . [their] wage tax delinquency." The court held that the defendants were precluded from raising the set-off issue in the common pleas court because they had not previously exhausted their administrative remedies before the Tax Review Board; and that the statute of limitations, Section 19-509(a) of the Philadelphia Code, did not bar the action because it does not begin to run until the taxpayer has filed a wage tax return or report, which none of the defendants had done.

The defendants now argue on the merits that the affidavits filed in support of the city's motion for summary judgment were not based on the personal knowledge of the affiants as required by Pa. R.C.P. 1035(d) and thus were not a sufficient basis to grant the city's motion. This argument, however, was not raised in the common pleas court and it will not be considered on appeal. *Stewart Appeal,* 68 Pa. Commonwealth Ct. 458, 449 A.2d 802 (1982).

The common pleas court awarded the city counsel fees in the sum of $25.00 in each of the 958 cases, payable jointly and severally by the defendant[1] and

[1] The city's brief informs us that of the 958 judgments entered against the taxpayers, 568 had been settled in full including the

his or her attorney "due to the bad faith and obdurate assertion of previously adjudicated defenses." Judge GREENBERG, for the court, noted that the defenses advanced by the defendants were identical to those raised in *Santoro v. City of Philadelphia,* 59 Pa. Commonwealth Ct. 114, 429 A.2d 113 (1981); *City of Philadelphia v. Hennessey,* 48 Pa. Commonwealth Ct. 600, 411 A.2d 567 (1980), *allocatur denied;* and *City of Philadelphia v. Kenny,* 28 Pa. Commonwealth Ct. 531, 369 A.2d 1343 (1977), *allocatur denied, cert. denied,* 434 U.S. 923, *rehearing denied,* 434 U.S. 1025 (1978). Judge GREENBERG wrote that the defendants' attorney,

Mr. Radbill has continued to represent and argue these entirely meritless defenses in the face of warnings of this Court and in face of knowledge that prior decisions have already decided that the defenses are entirely without validity. The Court in Santoro, supra, 429 A.2d at 117, in referring to the defenses asserted herein by Mr. Radbill stated that,

"We are satisfied that these defenses were vexatious, that is, 'instituted without sufficient grounds and serving only to cause annoyance.'"

By continually raising these "vexatious" defenses, Mr. Radbill is doing a disservice to his clients. All that his efforts do is waste the Court's time and his client's and taxpayers' money.

The defendants' attorney contends that he cannot be the subject of an award of counsel fees because the common pleas court made no finding of any specific conduct by him which would justify an award

---

award of counsel fees when its brief was submitted on January 18, 1983 and that 390 judgments remained for collection.

of counsel fees against him personally and that holding an attorney personally liable for counsel fees would have "an overwhelming 'chilling' effect on the availability of counsel in all but the most clear cut cases." We find neither argument convincing.

In *Santoro, supra,* we ordered that counsel fees in the amount of $25.00 be awarded to the city as part of the taxable costs of each of the 211 defendants. The *Santoro* defendants were represented by Mr. Radbill, the same attorney who represented the 958 defendants in this case in the common pleas court. Section 2503(7) of the Judicial Code, 42 Pa. C. S. §2503(7), provides that counsel fees may be awarded as part of the taxable costs of a matter "as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter" and Section 102 of the Judicial Code, 42 Pa. C. S. §102, defines a participant as "[l]itigants, witnesses and their counsel." Hence Section 2503(7) permits the award of counsel fees against an attorney. The common pleas court based its award of counsel fees against Mr. Radbill on its finding that the defenses in this case were the same as those characterized as vexatious in *Santoro* and that his action in this respect was obdurate. There were clearly sufficient findings upon which to base the award.

Also, Section 2503(9) of the Judicial Code, 42 Pa. C. S. §2503(9), authorizes the award of counsel fees against a party "because the conduct of . . . [the] party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith." The definition of party at Section 102 of the Judicial Code, 42 Pa. C. S. §102 "includes counsel fees for such a person who is represented by counsel." *See White v. Redevelopment Authority City of McKeesport,* 69 Pa. Commonwealth Ct. 307, 451 A.2d 17 (1982).

We disagree that the imposition of counsel fees will adversely affect the availability of counsel in other than clearly meritorious causes. The assertion of obdurate and vexatious defenses are the subject of two Disciplinary Rules of the Pennsylvania Supreme Court at 204 Pa. Code §81.7. Disciplinary Rule 7-102(A)(1) provides that a lawyer shall not "conduct a defense . . . on behalf of his client when he knows or when it is obvious that such action would serve merely to harass or maliciously injure another." Disciplinary Rule 7-102(A)(2) provides that a lawyer shall not "[k]nowingly advance a . . . defense that is unwarranted under existing law. . . ." Surely an award of counsel fees against a lawyer who is engaged in conduct condemned by the profession cannot have a chilling effect on any interest of a litigant or his counsel which deserves protection. In any event, Sections 2503(7) and (9) authorize the award made in this case and that is sufficient authority.

The defendants and their attorney finally contend that the common pleas court erred by fixing the amount of the award of counsel fees and that this duty lay with the prothonotary. They say that Philadelphia Civil Rule 380, describing the contents of a bill of costs and the procedures for filing and contesting the bill of costs, means that the amount of counsel fees must be decided by the prothonotary. Rule 380 is a rule of court. The counsel fees in this case were awarded pursuant to Section 2503 of the Judicial Code. This provision of the statute does not invest prothonotaries with the power to fix the amount of counsel fees awarded against participants; it provides that when awarded such fees shall be part of the taxable costs. The Legislature clearly intended that the amount of counsel fees to be awarded should be determined by the trial court, the only competent

judge of the matter at that level; and that taxation of costs should be the means of their collection.

Order affirmed.

## ORDER

AND Now, this 21st day of February, 1984, the order of the Common Pleas Court of Philadelphia County in the above-captioned matter is affirmed.