474 A.2d 44

**Richard KELLEY and Rita Kelley, Appellants,**

v.

**Ann E. THOMPSON and Hansel Fuller.**

Superior Court of Pennsylvania.

Argued Nov. 17, 1983.

Filed March 30, 1984.

Allen L. Feingold, Philadelphia, for appellants.

David M. McCormick, Philadelphia, for appellees.

Before SPAETH, President Judge, and CAVANAUGH and HOFFMAN, JJ.

HOFFMAN, Judge:

The sole issue on appeal concerns appellant's challenge to the lower court's imposition of a $100 sanction. We find that the lower court acted within its discretion in assessing the fee and, accordingly, affirm.

■  Appellant, counsel for the plaintiffs in the underlying action, had effectuated a $26,000 settlement with both the defendant and the additional defendant in early 1981. After the settlement, appellant provided the defendant's counsel with an order to settle, discontinue and end the matter, which was filed with the lower court. On March 18, 1981, however, appellant informed the defendant's counsel that the order had been returned because the additional defendant's attorney had failed to sign it. The order was then forwarded to the additional defendant's counsel, who subsequently told the defendant's attorney that the order had been lost. On January 5, 1982, the defendant's counsel requested appellant's signature on a newly prepared order, already signed by the additional defendant's counsel. After appellant refused to sign the order, the defendant's counsel motioned to compel appellant to sign the order and to assess counsel fees of $100. The lower court ordered the case

settled, discontinued and ended, and imposed the $100 sanction. This appeal followed.

42 Pa.C.S.A. § 2503(7) provides:

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

.    .    .    .    .

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

In the instant case, the lower court determined that appellant's refusal to sign the order constituted such "obdurate or vexatious" conduct as to warrant the sanction, and stated:

In these circumstances, to have required an attorney to file the within motion, together with a proposed order, memorandum of law and all other accompanying documents, was, in the opinion of the Court, outrageous, being both disrespectful to opposing counsel and without regard for the court.

(Lower Court Op. at 4). Appellant contends that he declined to sign the order because he lacked access to his file on the case and, hence, was unable to verify if the new order had been correctly formulated. We agree with the lower court that appellant's refusal to sign the new order, after it had been prepared by the defendant's counsel and after appellant had signed the original settlement order, constituted wholly unreasonable behavior under the circumstances.

■ Appellant's arguments in favor of reversal are without merit. Firstly, his reliance on *Murdoch v. Murdoch*, 418 Pa. 219, 210 A.2d 490 (1965), and *Baumgartner v. Whinney*, 156 Pa.Superior Ct. 167, 39 A.2d 738 (1978), is misplaced. Those cases both involved a party's attempt to strike a settlement after it had been finalized. The parties in the instant case have not petitioned to strike or in any way modify the settlement; rather, they have acted to

formally finalize and discontinue the case. Secondly, we agree with the defendant's counsel that "the term 'pendancy of a matter' as used in 42 Pa.C.S.A. § 2503(7) refers to the pendancy of the matter in a court and not the pendancy of a matter in [appellant's] office." (Appellant's Brief at 7). Finally, Common Pleas Court Judge Charles Lord's exercise of discretion in a companion case does not affect our review of the lower court's exercise of discretion in the instant case.

Accordingly, we affirm the order entered by the court below, marking the instant case settled, discontinued and ended, and imposing a $100 sanction against appellant.

Moreover, acting pursuant to Pa.R.A.P. 2744 which provides that "[i]f an appellate court shall determine that an appeal is frivolous, it may award as further costs an attorney fee of $25 and damages at the rate of 6% per annum in addition to legal interest," we impose additional costs against appellant's counsel consisting of a $25 fee and 6% interest on the initial $100 sanction.*

Affirmed and additional costs imposed.

---

* We wish to note our dissatisfaction that Pa.R.A.P. 2744 limits us to imposing a $25 fee plus interest in situations such as the case on appeal. We believe that either Rule 2744 must be changed or that appellate courts must have the freedom enjoyed by trial courts under 42 Pa.C.S.A. 2503 to impose appropriate sanctions.