563 A.2d 934

**Edward T. McGARRY and Carol B. McGarry**

v.

**BROADMOOR CUSTOM HOMES, INC., Appellant.**

Superior Court of Pennsylvania.

Submitted June 27, 1989.

Filed Sept. 11, 1989.

Michael C. Deschler, Bethlehem, for appellant.

James A. Swetz, Stroudsburg, for appellees.

Before DEL SOLE, TAMILIA and CERCONE, JJ.

DEL SOLE, Judge:

Appellant takes this appeal seeking to contest an award of counsel fees granted to Mr. and Mrs. McGarry, plaintiffs in the underlying action. Although we do not condone Appellant's conduct which prompted the McGarry's to bring the instant action, the posture of this case requires that the trial court's order be reversed.

The parties in this case had entered into an agreement concerning the construction of a single family house. This agreement contained a clause requiring that any and all disputes be settled by arbitration. The trial court found that a dispute later arose which the McGarrys sought to resolve in an amicable non-adversarial manner, but they were not successful. Despite a binding obligation to proceed to arbitration, the McGarrys' demands to take such action went unanswered. The underlying action was then filed with the trial court on June 13, 1988. On July 11, 1988, Appellant filed preliminary objections asserting the existence of an arbitration clause in the construction agreement. The court sustained the preliminary objection, dismissed the McGarrys' complaint, directed the parties to proceed to arbitration, and awarded the McGarrys counsel fees, later accessed at $1,475.77. The court dismissed the McGarrys' claim that Appellant had waived the provisions directing arbitration by concluding that any prejudice in the form of a delay, "could have been remedied by Plaintiffs filing an action to compel arbitration." Trial court opinion, 10/17/88 at 6.

After conclusion of the subsequent hearing to assess the amount of counsel fees the court issued an opinion in which it wrote: "we find that Defendant's actions, which delayed arbitration in this case and caused plaintiff unnecessary expenditures, were sufficiently dilatory, arbitrary and vexatious in nature to support the imposition of counsel fees under 42 Pa.C.S.A. § 2503." Trial court opinion, 2/10/89 at 3. The court found that Appellant's unjustified refusal to arbitrate resulted in delay and unnecessary expense. Accordingly the court issued an order assessing counsel fees against Appellant.

Appellant does not contest the reasonableness of the amount of counsel fees awarded. Rather, Appellant contends that the court erred in granting the McGarrys' request for counsel fees since Appellant did not engage in dilatory obdurate or vexatious conduct *during the pendency of this matter.* It is Appellant's position that the underlying action did not become "pending" until the McGarrys filed their complaint. Appellant further asserts that after the complaint was filed, it filed its preliminary objections promptly, and in all other ways acted appropriately so as not to delay the conclusion of the case. Appellant also points to the fact that the McGarrys could have limited the delay in bringing the matter to arbitration by filing an action to compel arbitration. *See* 42 Pa.C.S.A. § 7304(a).

The applicable statutory provision for an award of counsel fees states:

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

42 Pa.C.S.A. § 2503(7).

The particular phrase "during the pendency of a matter" was examined in *White v. Redevelopment Authority, City*

*of McKeesport,* 69 Pa.Commonwealth Ct. 307, 451 A.2d 17 (1982). Therein the parties entered into an agreement wherein the Paneks were to receive a sum of money to reimburse them for a new business site and a separate sum for the payment of attorney fees. Two years passed without the agreed payments being made, the Paneks sought to obtain judicial enforcement of the agreement. They also sought to obtain additional attorney fees. The claim for these additional attorney fees was denied and this decision was affirmed on appeal. The *White* court commented:

> As for the claim for an *additional* attorney fee, to reimburse the Paneks for the legal expense of trying to obtain payment pursuant to the Authority's agreement, we are constrained to hold that the law does not provide such relief under the circumstances of this case.
>
> .     .     .     .     .
>
> In their claim below for the additional attorney fee, the Paneks alleged that the Authority had been malicious, arbitrary and vexatious in delaying so long to pay the monies agreed upon. Based on that allegation the Paneks further asserted that Sections 2503(7) and (9) of the Judicial Code entitle them to the additional fee as a sanction against the Authority....
>
> .     .     .     .     .
>
> Section 2503(7), by its very terms, relates only to conduct that takes place during the pendency of a matter. The term 'matter' is defined by Section 102 of the Judicial Code to mean '[a]ction, proceeding or appeal.' Since, in the instant case, there was no 'action' with respect to the settlement agreement until the Paneks filed their petition, it cannot be said that the Authority's conduct prior to that filing could come within the terms of Section 2503(7). In other words, the Authority's conduct, in not paying the amounts agreed upon, was not conduct that took place during the pendency of the 'matter' concerning the agreement.... It certainly cannot be said that when the

Authority delayed in paying the Paneks it was either commencing or defending a 'matter.' (footnotes omitted). *Id.* 451 A.2d at 20.

As in *White,* Appellant's objectionable conduct occurred prior to *the pendency of this matter.* Although the McGarrys and the trial court were justifiably upset about Appellant's refusal to respond to a request to arbitrate, these dilatory acts occurred before the underlying action was commenced. "The term 'pendancy of a matter' as used in 42 Pa.C.S.A. § 2503(7) refers to the pendancy of the matter in a court and not the pendancy of a matter in [a party's] office." *Kelley v. Thompson,* 326 Pa.Super. 364, 367, 474 A.2d 44, 45 (1984). Once suit was instituted, there is no indication that Appellants acted in a manner which could be characterized as dilatory, obdurate or vexatious.

As the court in *White* remarked: "Although we by no means applaud the [Appellant's] conduct relative to its agreement, the posture of [this] case does not permit the relief they seek ..." *White, supra,* 451 A.2d at 21. For these reasons we find ourselves constrained to reverse the trial court's order and vacate the award of counsel fees. Jurisdiction relinquished.