## Mcdade v. Garland

*Penny S. First,* for plaintiff.
*Michael D. Bull,* for defendants.

HORN, *J.,* March 13, 1991—This matter is before the court on defendant Garland's preliminary objection in the nature of a motion to strike or in the alternative a motion for a more specific pleading; and in the nature of a demurrer to count II of plaintiff's complaint for failure to state a cause of action. For the foregoing reasons, we refuse defendant's demurrer and refuse defendant's motion to strike and motion for a more specific pleading.

On or about January 26, 1987, plaintiff and defendant entered into a series of written agreements whereby plaintiff agreed to build for the defendant a log-style custom home. The home was to be constructed pursuant to all of the terms, conditions and specifications set forth in the written agreements.

On or about April 15, 1987, defendant obtained a construction mortgage commitment from Parent Federal Savings Bank. Parent, as lender, disbursed four draws during the course of construction.

On or prior to April 6, 1988, defendant took possession of the home. On or before March 21, 1988, plaintiff had substantially completed construction of the home.

Plaintiff now seeks to obtain the fifth and final draw of said disbursement in the amount of $14,608.35; and in addition to the final draw, plaintiff seeks additional amounts allegedly owed totaling $4,504.58 for extras alleged to have been agreed upon.

Finally, plaintiff seeks $1,000 in damages incurred for travel costs, inspection costs and other expenses as a result of defendant's alleged breach of contract. Finally, plaintiff's complaint requests this court to award attorney fees against defendant.

Defendant's preliminary objections first asks this court to strike paragraph 20[1] of plaintiff's complaint because it makes claims for the cost of litigation in this proceeding or, in the alternative, it should be stricken and plaintiff required to file a more specific pleading. We disagree. Paragraph 20 merely incorporates the claims asserted in paragraphs 18 and 19 which are for amendments to the contract extras and expenses. If additional information is required, defendant can obtain more specific information by discovery or reviewing the exhibits.

Defendant next objects to paragraph 21 of plaintiff's complaint which requests attorney fees and asks that it be stricken. Plaintiff contends that the

---

1. "(20) Plaintiff has repeatedly demanded payment of the amounts referenced in paragraph 18 and 19 hereof, together with interest, but defendant has wholly neglected and/or in bad faith refused to pay the same or any part thereof."

attorney fees are rightfully claimed since: (a) defendant has failed to perform under contract without any justifiable cause or reason; and (b) at all times material hereto, defendant has acted in bad faith in regard to performance under the parties' contract herein.

Attorney fees and costs are governed by the provisions set forth in 42 Pa.C.S. §2503; more specifically, we interpret plaintiff's complaint as falling under section 2503(7) and (9).[2] In general, Pennsylvania follows the "American rule" precluding the award of attorney's fees in the absence of statutory or contractual obligation. *Fidelity-Philadelphia Trust Co. v. Philadelphia Transportation Co.,* 404 Pa. 541, 548, 173 A.2d 109, 113 (1961); *Smith v. Equitable Trust Co.,* 215 Pa. 413, 417, 64 A. 591, 592 (1906). However, a court may require a party to pay another party's counsel fees if that party's conduct was "dilatory, obdurate, or vexatious." 42 Pa.C.S. §2503(7). See *Brenckle v. Arblaster,* 320 Pa. Super. 87, 466 A.2d 1075 (1983).

Plaintiff has the burden of proof by a preponderance of the evidence that the conduct of defendant was "dilatory, obdurate, or vexatious during the pendency of the suit." *Bowers v. Valley Mutual Insurance Co.,* 28 D.&C. 3d 327, 333 (1983). Vexatious has been defined as "instituted without sufficient grounds and serving only to cause annoy-

---

2. The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

Title 42 Pa.C.S. §2503(7)—"Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter."

Title 42 Pa.C.S. §2503(9)—"Any participant who is awarded counsel fees because the conduct of another party is commencing the matter or otherwise was arbitrary, vexatious or in bad faith."

ance." Bad faith has been defined as fraud, dishonesty, or corruption. The court in *Boyer v. Hicks* defined "dilatory" as "tending or having the intent to delay," "vexatious" as "lacking justification and intended to harass," and "obdurate" as "resistant to persuasion or softening influences; inflexible, unyielding." 19 D.&C. 3d 300, 305 (1981).

In our instant case, plaintiff complains that defendant has taken possession and plaintiff has repeatedly demanded payment of the amounts referenced in paragraphs 18 and 19 hereof, together with interest; defendant has wholly neglected and/or in bad faith refused to pay the same or any part thereof.

The particular phase "during the pendency of a matter" was examined in *White v. Redevelopment Authority, City of McKeesport,* 69 Pa. Commw. 307, 451 A.2d 17 (1982).

"Section 2503(7), by its very terms, relates only to conduct that takes place during the *pendency* of the matter. The term 'matter' is defined by section 102 of the Judicial Code to mean; '[a]ction, proceeding or appeal.' [42 Pa.C.S. §102.] Since, in the instant case, there was no 'action' with respect to the settlement agreement until the Paneks filed their petition, it cannot be said that the Authority's conduct prior to that filing could come within the terms of section 2503(f). In other words, the Authority's conduct in not paying the amounts agreed upon, was not conduct that took place during the pendency of the 'matter' concerning the agreement. It certainly cannot be said that when the Authority delayed in paying the Paneks it was either commencing or defending a 'matter.' " *Id.* at 313-4, 451 A.2d at 20. (footnotes omitted)

As in *White, supra,* defendant's objectionable conduct occurred prior to the pendency of this matter. The term "pendency of a matter" as used in

42 Pa.C.S. §2503(7) refers to the pendency of the matter in a court and not the pendency of a matter in (a party's) office. *Kelley v. Thompson,* 326 Pa. Super. 364, 367, 474 A.2d 44, 45 (1984). Since this suit has been instituted, there has been no indication that defendant has acted in a manner that could be characterized as dilatory, obdurate or vexatious.

Section 2503(9) is concerned initially with a party's conduct in commencing a matter. And, as the *White* court construed the words "or otherwise," that phrase in section 2503(9) is a reference to a party's conduct in raising defenses. See *White, supra* at 314, 451 A.2d at 20.

As the court in *White* remarked and later observed by the court in *McGarry v. Broadmoor Custom Homes,* 387 Pa. Super. 43, 563 A.2d 934 (1989): "Although we by no means applaud the [defendant's] conduct relative to its agreement, the posture of [this] case does not permit the relief [plaintiffs] seek. . ." *White, supra* at 314, 451 A.2d at 21; *McGarry, supra.*

We therefore grant defendant's motion to strike paragraph 21 of plaintiff's complaint insofar as it relates to attorney fees and grant plaintiff an opportunity to amend his complaint if possible.

We refuse defendant's motion to strike paragraphs 12 and 15; however, the exhibits may be treated as surplusage.

Defendant's demurrer as to count II alleging quantum meruit is refused as it merely states an alternative theory of *McGarry.*