**Stephen DAVIS**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted June 13, 1996.

Decided July 30, 1996.

**1224**

Joan A. Zubras, Philadelphia, for Appellant.

Appellee precluded from filing a brief.

Before PELLEGRINI and FRIEDMAN, JJ., and MIRARCHI, Jr., Senior Judge.

FRIEDMAN, Judge.

The Southeastern Pennsylvania Transportation Authority (SEPTA) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) holding Delores Lanier, Esq., counsel for SEPTA, in civil contempt, declaring a mistrial and imposing fines in the amount of $3,750.00 against SEPTA "for the resulting unjustified and deliberate waste of one and one-half days of juror, court and general judicial resources." (Trial ct. op. at 1.)

On May 25, 1989, a SEPTA trolley negligently rear-ended a vehicle driven by Stephen Davis while Davis was stopped at a red light at the intersection of Thirteenth and Arch Streets in Philadelphia, Pennsylvania. (Trial ct. op. at 1.) On December 7, 1990, Davis instituted a civil action, seeking damages for personal injuries suffered in the accident.

On Friday, June 23, 1995, the matter proceeded to trial before the trial court and a jury of eight persons. After the jury was empaneled, the jurors were excused until Monday, June 26th, and the trial court proceeded to address several motions *in limine* filed by counsel. The present controversy arises, in particular, out of a motion *in limine* filed by Davis's counsel which sought to preclude SEPTA's counsel from mentioning, or introducing evidence of, Davis's three felony convictions for possession and delivery of controlled substances. After argument by SEPTA's counsel in opposition to the motion, the trial court granted Davis's motion, ruling that, because Davis's convictions were not for *crimen falsi* crimes,[1] evidence of those convictions was inadmissible.[2]

When trial resumed on Monday, June 26th, however, counsel for SEPTA, disregarding the trial court's ruling, proceeded to question Davis on cross-examination about information relating to his drug convictions.[3] Because SEPTA's counsel attempted to elicit evidence expressly prohibited by the trial court, the trial court informed the parties that, under the circumstances, Davis's counsel was entitled to either of two remedies, a cautionary instruction to the jury to disre-

---

1. *Crimen falsi* crimes are offenses which involve some element of deceitfulness, untruthfulness or falsification bearing on a witness's propensity to testify truthfully. BLACK'S LAW DICTIONARY 259 (Abridged 6th ed. 1991).

2. In doing so, the trial court held that, even if the evidence of Davis's past convictions was relevant, the prejudicial effect of this evidence outweighed its probative value. (Trial ct. op. at 3.)

3. SEPTA's counsel inquired as to whether Davis had ever lived in either Minnesota or Raybrook, New York, both sites of federal penitentiaries, compelling Davis to indicate that he had resided in both of those places due to incarceration. (Trial ct. op. at 3–5; N.T. 6/26/95 at 99–103.)

gard the potentially prejudicial evidence or a motion for a mistrial. (Trial ct. op. at 5.) Counsel for Davis opted for a mistrial, and the trial court granted the motion.

On June 27, 1995, the case was re-tried and, this time, proceeded to verdict.[4] Thereafter, the trial court ordered SEPTA's counsel to appear at a hearing on July 25, 1995 to show cause why she should not be held in civil contempt for her direct defiance of a court order entered in her presence.

After considering the justification SEPTA's counsel offered for her conduct at the hearing, the trial court concluded that "SEPTA's counsel willfully disregarded a Court Order and sought to elicit testimony which was precluded by the Court's Order. In addition, SEPTA's counsel knowingly caused the jury to hear evidence which she knew was not admissible evidence under the law of evidence in this Commonwealth."[5] (Trial ct. op. at 7.) Accordingly, the trial court held SEPTA's counsel in contempt of court and fined her the sum of $500.00. Because the trial court also found that SEPTA's counsel "recklessly and knowingly caused a mistrial," (trial ct. op. at 7–8), thereby wasting one and one-half days of court resources, the trial court imposed sanctions against SEPTA in the amount of $3,750.00, or $2,500.00 per day of jury trial.[6]

In reaching its decision, the trial court explained that, "[t]he one equitable remedy available when a party causes the waste of a court day is to charge the day to the party responsible for its loss." (Trial ct. op. at 12.) Thus, the trial court reasoned that SEPTA, the responsible party here, should be charged for the loss of one and one-half court days due to SEPTA's counsel's misconduct and the resulting mistrial.[7] It is from this portion of the trial court's order that SEPTA now appeals.[8]

■ On appeal, SEPTA contends that the "[h]olding of an individual in contempt for actions of a third party is inappropriate," (SEPTA's brief at 13 (citing *Commonwealth v. Michel*, 361 Pa. Superior Ct. 215, 522 A.2d 90 (1987))), unless the individual consciously directed the third party to act as it did. We agree. However, because the trial court here held only SEPTA's counsel, not SEPTA, in civil contempt, SEPTA's first argument must fail. The trial court made no finding that SEPTA directed its counsel to disobey the trial court's pre-trial order; rather, the trial court merely found that SEPTA's counsel willfully and knowingly transgressed the trial court's pre-trial order. Accordingly, the trial court did not hold SEPTA in contempt for the actions of its counsel.[9]

4. The jury returned a verdict in favor of Davis in the sum of $46,000. (Trial ct. op. at 6.)

5. The trial court observed that the failure of counsel for SEPTA to obey the court's order prevented the court "from discharging its duty of making efficient and proper use of the jury, courtroom and staff required for a jury trial...." (Trial ct. op. at 12.)

6. In calculating the sum chargeable to SEPTA for the waste of one and one-half days of trial, the trial court referred to Philadelphia Local Rule 212.2 for guidance. Although the trial court acknowledged that rule 212.2 provides for the imposition of sanctions against a party who unreasonably refuses to settle a case before trial and, thus, is substantively inapplicable here, the trial court relied on a provision of rule 212.2 which sets the value of a court day in a jury trial at $2,500.

7. In support of its decision, the trial court cited *Zito v. Merit Outlet Stores*, 436 Pa. Superior Ct. 213, 221, 647 A.2d 573, 577 (1994), in which the superior court noted that "[c]ourts are under tremendous pressure to dispose of ever increas-

ing caseloads in the face of shrinking resources." Thus, the superior court held in *Zito* that "[t]o protect the public's resources by requiring reimbursement is not unreasonable."

8. Our scope of review in an appeal from an order of the trial court is limited to a determination of whether the action of the trial court constitutes a violation of constitutional rights, an error of law or a manifest abuse of discretion. *Commonwealth of Pennsylvania, Department of Public Assistance v. Ward*, 108 Pa.Cmwlth. 572, 530 A.2d 145 (1987).

9. In fact, the trial court made it clear that the entry of judgment against SEPTA's counsel was intended as a personal sanction designed to "coerce [SEPTA's counsel] prospectively to observe the orders entered by this Court and others." (Trial ct. op. at 11.) Accordingly, the trial court held SEPTA's counsel personally and individually liable for the $500.00 fine, noting that "[p]ayment of this fine by SEPTA on behalf of [its counsel], either directly or indirectly, would constitute a reprehensible subversion of [its] decision." (Trial ct. op. at 12.)

The trial court did, however, hold SEPTA liable for costs associated with the loss of one and one-half days of court time due to its counsel's improper conduct and the resulting mistrial. SEPTA contends that, absent proof that it directed its counsel to "engage in contemptuous conduct" or to "deliberately cause a mistrial," it was improper for the trial court to sanction SEPTA for the conduct of one of its employees. (SEPTA's brief at 13–14.) In support of this proposition, SEPTA relies on *Commonwealth v. Ferguson,* 381 Pa. Superior Ct. 23, 52, 552 A.2d 1075, 1090 (1988), in which the superior court noted that it saw no "reason why the sanctions for contempt by a Commonwealth employee should be imposed upon the Commonwealth, rather than directly upon the employee." [10] Thus, SEPTA argues that, because the trial court imposed upon SEPTA the cost of one and one-half days of misused court time rather than visiting the expense directly upon SEPTA's counsel in her individual capacity, the trial court's order should be reversed. We disagree. [11]

 It is well-established that the courts possess the inherent power to enforce their orders and decrees by imposing penalties and sanctions for failure to comply. *Brocker v. Brocker,* 429 Pa. 513, 241 A.2d 336 (1968), *cert. denied,* 393 U.S. 1081, 89 S.Ct. 857, 21 L.Ed.2d 773 (1969); *Commonwealth v. Redmond,* 395 Pa. Superior Ct. 286, 577 A.2d 547 (1990), *appeal granted,* 526 Pa. 632, 584 A.2d 315 (1991), *and appeal dismissed,* 528 Pa. 601, 600 A.2d 190 (1992). Such penalties and sanctions, including attorneys' fees, may be imposed against either an attorney [12]

**10.** In *Ferguson,* the Commonwealth filed complaints against the defendants, charging them each with two counts of welfare fraud. Subsequently, both defendants entered pleas of guilty and were sentenced. However, because the complaining claims agent of the Department of Public Welfare failed to appear at sentencing, the trial court specifically declined to impose orders of restitution, as mandated by law, as part of defendants' sentences. The superior court vacated and remanded for resentencing, holding that:

> The trial court's finding that the claims agent's failure to appear constituted a forfeiture of the right to restitution is not justifiable as a sanction for the claims agent's alleged non-compliance with the court's directive to appear. This is so because contempt was not established, and because the Commonwealth's right to restitution may not properly be forfeited as a sanction for contempt.

*Id.* at 49, 552 A.2d at 1088.

**11.** We believe that *Ferguson* is distinguishable from the case *sub judice* in at least two important respects. First, in holding as it did, the superior court in *Ferguson* ultimately rejected the trial court's conclusion that the Commonwealth claims agent was in contempt and that forfeiture of restitution was an authorized sanction for contempt. Here, however, SEPTA neither disputes that its counsel was in civil contempt nor contends that the payment of fees or costs necessitated by its counsel's contempt is an unauthorized sanction for such contempt.

Second, because the superior court in *Ferguson* found that no contempt was established, its observation in that case as to who should properly bear liability for any financial sanction imposed for contemptuous conduct was merely that, an observation, rather than the basis for its decision. Such observation, moreover, appears to have been based on the superior court's belief

that, because criminal actions like that underlying the contempt proceeding in *Ferguson* involve unique issues of public justice, i.e., issues that transcend the immediate parties, sanctions must be visited upon the offender and not upon the public interest. Otherwise, the superior court was concerned that any financial sanction imposed would ultimately be borne by the taxpayers of this Commonwealth and would inure to the benefit of a criminal wrongdoer. *See, e.g., Ferguson* (vacating trial court decision absolving defendants of obligation to make restitution of money fraudulently obtained as a sanction for contempt of Commonwealth claims agent); *Commonwealth v. Carson,* 510 Pa. 568, 510 A.2d 1233 (1986) (affirming reversal of trial court decision dismissing criminal charges against a defendant charged with violations of Vehicle Code because of tardiness of prosecutor in appearing for trial).

Here, however, those same concerns are unfounded. Unlike *Carson* and *Ferguson,* the burden of the expense imposed on SEPTA by the trial court here neither falls upon the shoulders of the taxpayers nor inures to the benefit of an undeserving party; in fact, by requiring SEPTA to reimburse the judicial system for the "unjustified and deliberate waste of … judicial resources," (trial ct. op. at 1), the trial court has, in essence, shifted the burden of the penalty from one Commonwealth entity to another, thereby restoring the status quo. As between the trial court and SEPTA, we believe that the trial court acted well within its discretion in allocating the burden of court costs to SEPTA, that entity more directly responsible for the wrongful misuse of the public fisc.

**12.** *See, e.g., Simmons v. Philadelphia,* 80 Pa. Cmwlth. 354, 471 A.2d 909 (1984); *Kelley v. Thompson,* 326 Pa. Superior Ct. 364, 474 A.2d 44 (1984).

or an individual party [13] who has been guilty of misconduct during the pendency of any litigation. Even where an attorney alone engages in misconduct, a client may be held liable for the resulting penalties and sanctions because a client is generally liable to a third person injured by an act which the attorney does in execution of matters within the attorney's authority, *American Mutual Liability Insurance Co. v. Zion & Klein, P.A.,* 339 Pa. Superior Ct. 475, 489 A.2d 259 (1985). *See, e.g., Merit Outlet Stores,* 436 Pa. Superior Ct. at 220, 647 A.2d at 576–77 (holding that trial court did not abuse its authority where it imposed sanctions against clients for cost of delay "directly attributable to the failure of counsel to timely prepare for trial or earlier advise the court of scheduling problems."). Thus, as between SEPTA and its counsel, although the trial court could have imposed the sanctions against counsel, we cannot hold that the trial court abused its discretion when it assigned to SEPTA the costs occasioned by SEPTA's counsel's misconduct.

Accordingly, we affirm the trial court's order imposing sanctions on SEPTA for costs associated with the delay and expense of a re-trial.[14]

### ORDER

AND NOW, this 30th day of July, 1996, the order of the Court of Common Pleas of Philadelphia County, entered October 6, 1995, is affirmed.

---

**13.** *See, e.g., Richland School District v. Richland Education Association,* 124 Pa.Cmwlth. 459, 556 A.2d 531 (1989).

**14.** We note that the trial court, contrary to SEPTA's argument, did not impose financial sanctions on SEPTA pursuant to Philadelphia Local Rule 212.2, but merely used rule 212.2 as a guide in setting the *amount* of sanctions imposed pursuant to the court's inherent power to sanction a party or its counsel for an affront to the court. *See Merit Outlet Stores.* Accordingly, we reject SEPTA's second argument challenging the imposition of rule 212.2 sanctions.