**KOREAN AMERICAN ASSOCIATION OF GREATER PHILADELPHIA, INC.**

v.

**Mi Ho CHUNG and Young K. Park**

**Appeal of: Hae Yeon Baik, Esquire**

**Korean American Association of Greater Philadelphia, Inc.**

v.

**Jae Yul Shin and Sunday Topic**

**Appeal of: Jae Yul Shin and Sunday Topic.**

Commonwealth Court of Pennsylvania.

Argued March 3, 2005.

Decided March 29, 2005.

871

David M. Chandler, Bristol, for appellant, Hae Yeon Baik.

Raja Rajan, Philadelphia, for appellee, Korean American Association of Greater Philadelphia, Inc.

BEFORE: SMITH–RIBNER, Judge, FRIEDMAN, Judge (P.), and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Hae Yeon Baik, Esquire (Attorney Baik or Appellant), appeals from the order of the Court of Common Pleas of Philadelphia County (trial court) ordering her to pay sanctions in the sum of $2,500.00, for violating a prior order of court. We affirm.

This case began with a dispute over the leadership of the Korean American Association of Greater Philadelphia, Inc., (Association). The elected President of the Association was Mi Ho Chung. However, a dissident faction of the Association

wanted to oust Ms. Chung as president and replace her with Jae Yul Shin. This faction held a secret meeting in which they "removed" Ms. Chung as president and replaced her with Mr. Shin. They then publicly proclaimed that Mr. Shin was president of the Association.

Chung and the Association brought suit against Mr. Shin and his weekly local newspaper, the *Sunday Topic,* to establish Ms. Chung as the rightful president. (*Korean American Association of Greater Philadelphia, Inc. v. Jae Yul Shin, et al.,* (No. 4506 January Term 2003)). On January 31, 2003, the trial court granted a temporary restraining order (TRO) in Ms. Chung's favor. Then, on February 14, 2003, the trial court entered a final order finding that Ms. Chung was the president and that Mr. Shin and the *Sunday Topic* violated the Association's bylaws when they named him as president. The trial court further ordered that Mr. Shin was enjoined from holding himself out as president or taking any actions as the official president and that the *Sunday Topic* was enjoined from publishing any articles, advertisements or materials portraying Mr. Shin as president.

Following this ruling, Mr. Shin and his opposition group held another meeting. At this time, they hired the law firm of Weir and Partners, LLP, (Weir).[1] Weir did not file an appeal in the case of *Korean American Association of Greater Philadelphia, Inc. v. Jae Yul Shin, et al.* It instead filed a praecipe to settle discontinue and end that case and then filed a new action.

The new action was captioned *Korean American Association of Greater Philadelphia v. Mi Ho Chung and Young K. Park* (No. 570 March Term 2003). In this action, Weir actually claimed to be filing suit on behalf of the Association. However, Weir only represented the dissident faction that the trial court had already ruled against. In the suit, the dissident faction sought a preliminary injunction against Chung and asked to have Shin declared president.

Thereafter, in August, 2003, Attorney Baik wrote letters, using her law firm letterhead, to Young Park, Esquire, Raja Rajan, Esquire, Jinsuk Byun, Esquire, The Church in Philadelphia of the Korean Presbyterian Church in America and Panasia Bank, N.A. In these letters, Attorney Baik stated that she was writing on behalf of the Association. (R.R. 11a–13a). She wrote that Ms. Chung, the former president of the Association, was attempting to purchase a building on behalf of the Association and reported that Ms. Chung had been removed from her duties as president. She further claimed that Ms. Chung was not authorized to make purchases and that the Association's board would take steps to recover any funds disbursed on Ms. Chung's authorization.

On October 2, 2003, the trial court denied the praecipe filed by Weir on behalf of the dissident faction, to settle, discontinue and end in the case of *Korean American Association of Greater Philadelphia, Inc. v. Jae Yul Shin, et al.* The trial court held that its final order of February 14, 2003, remained in full effect. The trial court further denied the petition for a preliminary injunction filed by the dissident faction in *Korean American Association of Greater Philadelphia v. Mi Ho Chung,* finding that the case was without merit as all issues raised had been denied in the prior order of February 14, 2003.

---

1. Appellant, who is president of the law firm of Baik and Associates, P.C., had previously been hired by Shin and his opposition group.

The trial court held that all parties were enjoined from taking any action which would interfere with or impede the October 2, 2003, order and the prior order of court dated February 14, 2003.

On November 3, 2003, the dissident faction, represented by Attorney Baik, appealed the trial court's October 2, 2003, order to this Court. On November 7, 2003, Raja Rajan, Esquire., as counsel for the Association and Chung, sent Attorney Baik a letter notifying her that he had received the notice of appeal and advising her that he believed her continued allegations that she represented the Association were fraudulent.

On November 11, 2003, Attorney Baik sent a letter, on her law firm letterhead, to Woori American Bank. In this letter, she advised the bank that she was writing on behalf of the Association and stated that Ms. Chung had been removed from her duties as president of the Association. She stated that Ms. Chung did not have any authority to purchase a building on behalf of the Association and that the "legitimate board" would take steps to recover any funds distributed. (R.R. at 8a).

On December 15, 2003, the trial court issued an opinion in support of its October 2, 2003, order. The opinion stressed that the dissident faction of the Association could not represent itself as the Association. The dissident faction later discontinued its appeal to this Court.

Meanwhile, on December 5, 2003, Raja Rajan, Esquire, as counsel for the Association, brought a motion for sanctions for contempt of court against Attorney Baik.[2] The Association alleged that Attorney Baik represented the dissident faction when the TRO was granted on January 31, 2003, and continued as co-counsel along with Weir. The Association claimed that Attorney Baik violated the trial court's orders by telling banks, and other members of the public, that Ms. Chung was not president.

Attorney Baik filed an answer to the motion for sanctions. In it, she stated that she is counsel for the Association, Mr. Shin and the *Sunday Topic.* She denied, however, that she represented Mr. Shin at the TRO hearing, but admitted to being present in the courtroom.

The trial court held a hearing on the motion for sanctions. Following the hearing, the trial court granted the motion and ordered Attorney Baik to pay the sum of $2,500.00.

Attorney Baik has now appealed the grant of sanctions to this Court.[3] She alleges that the trial court erred in granting sanctions because: (1) she was not a named party or named in a court order; (2) she was just following the directions of a faction of the board of directors in writing the letters and she had a free speech right to do so; (3) the motion for sanctions was moot because at the time of oral argument, the appeal of the October 2, 2003, decision of the trial court had already been dismissed and there was no further plans to challenge Ms. Chung's purchase of the building; and (4) no harm was caused by

2. The motion for sanctions was filed under the captions for both of the cases that were pending before the trial court, i.e., *Korean American Association of Greater Philadelphia, Inc. v. Jae Yul Shin, et al.,* (No. 4506 January Term 2003) and *Korean American Association of Greater Philadelphia v. Mi Ho Chung and Young K. Park* (No. 570 March Term, 2003).

3. This Court consolidated the two cases captioned below for the purposes of this appeal. (R.R. at 57a). We also granted a motion clarifying that the Association is not an Appellant in this action and that Attorney Baik is the sole Appellant.

her actions because the building purchase was eventually completed.[4]

 We will first address an issue discussed by the trial court. The trial court questioned whether or not the appeal to this Court on the motion for sanctions constituted a final order. It is noted that an order for sanctions is not a final order under Pa. R.A.P. 341 since it does not dispose of any claims or parties. While generally a motion for sanctions would not be a final order, in the instant case the motion for sanctions was the only issue pending. Thus, the order at issue here ended the litigation and disposed of the entire case. Accordingly, the award of sanctions was a final appealable order. *See Kirsch v. Parking Authority of the City of New Castle,* 126 Pa.Cmwlth. 143, 558 A.2d 930 (1989).

 Appellant's first claim on appeal is that she cannot be sanctioned for violating the order of the trial court because she was not named in the order. Appellant is mistaken in this assumption:

> Generally, parties to an injunction action who have knowledge of the Order or Decree issued in the action and thereafter willfully participate in a violation of it [sic] provisions are subject to punishment for their contumacious acts. Persons not parties to the act are also bound to observe the restrictions of an injunction, when the same are known to such persons, to the extent that they must not aid or abet its violation by others, and if such persons are within the class whose conduct is intended to be restrained, they may not themselves violate the Order or Decree if its terms are known to them. 43 A C.J.S. Injunc-

tions § 296; 42 Am.Jur.2d, Injunctions §§ 319, 320; P.L.E. Injunctions § 134. *Brightbill v. Rigo, Inc.,* 274 Pa.Super. 315, 418 A.2d 424, 430–31 (1980). Appellant does not deny that she was aware of all of the prior orders of the trial court.

Also, in *Davis,* counsel sought to elicit testimony regarding a witness's drug history which had been precluded by a prior order of court. The trial court held counsel in contempt. We noted that "[i]t is well-established that the courts possess the inherent power to enforce their orders and decrees by imposing penalties and sanctions for failure to comply[,]" *Davis,* 680 A.2d at 1226, and held that, "[s]uch penalties and sanctions, including attorneys' fees, may be imposed against either an attorney or an individual party who has been guilty of misconduct during the pendency of any litigation." *Davis,* 680 A.2d at 1226–27.

Appellant argues that she was not counsel and that she was only hired by the dissident faction to act as a legal liaison between them and Weir because she was fluent in Korean. We must first note that Appellant did not raise this argument in the hearing before the trial court. Furthermore, in her answer to the motion for sanctions, Appellant states that she is "counsel" for Korean American, Mr. Shin and the *Sunday Topic.* At no time does she claim to have been their "interpreter." (R.R. at 19a). In any event, Appellant admits that in August, 2003, she was hired by the dissident faction, Mr. Shin and the *Sunday Topic* to write letters stating that Ms. Chung had no authority to purchase property on behalf of the Association.

The February 14, 2003, order of the trial court found that Ms. Chung was the presi-

---

4. Our scope of review from an order of the trial court is whether there was a violation of constitutional rights, an error of law or an abuse of discretion was committed. *Davis v.*

*Southeastern Pennsylvania Transportation Authority,* 680 A.2d 1223 (Pa.Cmwlth.1996), *petition for allowance of appeal denied,* 546 Pa. 698, 687 A.2d 381 (1997).

dent. Appellant, while fully aware of this order, wrote letters on her law firm letterhead, stating that Ms. Chung was not the president and that she had no authority to act on behalf of the Association. On October 2, 2003, the trial court reiterated that the order remained in effect. Yet, Appellant still sent another letter to a bank, on her law firm letterhead, stating that Ms. Chung was not the president of the Association. Appellant took such action with full knowledge of the prior trial court orders and with full knowledge that her clients were enjoined from taking any action which would interfere with or impede the October 2, 2003, order and the prior order of court. Yet, while acting on behalf of her clients, Appellant did what she was prohibited from doing. As such, Appellant violated the orders of the trial court and the trial court did not abuse its discretion by ordering sanctions.

█ Appellant next alleges she was merely following the directions of a faction of the board of directors in writing the letters and that she had a free speech right so do. This argument is absurd. Appellant, as an attorney, should well know that she cannot violate a court order because her clients direct her to do so. Also, Appellant does not provide any case law which would give her a free speech right to send letters contrary to an order of court.

█ Appellant's third allegation is that the motion for sanctions was moot because at the time of oral argument, the appeal of the October 2, 2003, decision of the trial court had already been dismissed and there were no further plans to challenge Ms. Chung's purchase of the building.

As noted by the trial court, while the October 2, 2003, denied the praecipe to discontinue the matter, it also reiterated that the February 14, 2003, order remained in full effect. Therefore, Appellant still had the responsibility to comply with the order. Also, it is ridiculous to claim that the motion for sanctions should be dismissed because by December 15, 2003, Appellant had decided not to further challenge Ms. Chung's purchase of the building. Appellant was sanctioned for her acts prior to December 15, 2003, not for her future plans.

█ Lastly, Appellant claims that she should not be sanctioned because her acts ultimately did not cause any harm. Appellant contends that the building purchase was successfully completed by Ms. Chung. However, Appellant fails to present any case law requiring that harm must be established. Courts are authorized to award sanctions for violation of their orders. There is no requirement that financial harm must result from the violation.

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 29th day of March, 2005, the order of the Court of Common Pleas of Philadelphia County is affirmed.