J-A13013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GEORGE KURUVILA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ARASU RAJARATNAM | |
| APPEAL OF: GEORGE KURUVILA & DEBORAH SILVER, ESQ. | No. 2667 EDA 2016 |

Appeal from the Order Entered August 3, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 000450 May Term, 2012

BEFORE: LAZARUS, J., OTT, J., and RANSOM, J.

MEMORANDUM BY LAZARUS, J.:**FILED OCTOBER 11, 2017**

George Kuruvila and Deborah Silver, Esquire, (collectively "Appellants") appeal from the order, entered in the Court of Common Pleas of Philadelphia County, declaring a mistrial in Kuruvila's action against Arasu Rajaratnam and ordering Kuruvila's counsel, Attorney Silver, to pay a $13,750.00 award of sanctions to Rajaratnam, defendant in the underlying action. After our review, we affirm.

Kuruvila filed an action against Rajaratnam on May 9, 2012, alleging breach of contract, unjust enrichment, constructive fraud, comingling and diversion of assets, breach of fiduciary duty and an accounting. Following a two-day trial, the court dismissed the matter with prejudice due to Kuruvila's failure to file a complaint within the four-year statute of limitations period.

Kuruvila appealed. This Court affirmed the dismissal of all claims, except the equitable claim for an accounting, and remanded to the trial court for disposition. ***Kuruvila v. Rajaratnam***, 421 EDA 2014 (Pa. Super. filed April 6, 2015) (unpublished memorandum).[1]

The accounting action was tried before a jury on June 6-10, 2016, the Honorable Robert P. Coleman presiding. As a result of what the court characterized as "[Kuruvila's] counsel's deliberate and repeated prejudicial actions[,]" the court declared a mistrial.[2] Trial Court Opinion, 10/27/16, at 2.

_____

[1] The trial court had dismissed this claim based upon the "gist of the action" doctrine, which is designed to "maintain the conceptual distinction between breach of contract claims and tort claims." ***eToll, Inc. v. Elia/Savion Advertising, Inc.***, 811 A.2d 10, 14 (Pa. Super. 2002). This Court determined that, as pleaded in Kuruvila's complaint, the action did not sound in tort, but rather, was an equitable action that is defined as "an adjustment of the accounts of the parties and a rendering of a judgment for the balanced ascertained to be due." ***Kuruvila***, ***supra***, at 20, quoting 1 Am.Jur.2d Accounts & Accounting § 52; 14 Standard Pennsylvania Practice 2d § 81:1.

[2] During the 5½-day jury trial, the trial court warned Attorney Silver repeatedly to stop testifying, to stop interrupting, and to stop giving speeches. At one point, in response to the trial judge's signaling her to stop, Attorney Silver responded: "[P]ut your hand down. I'm not done." N.T. Trial, 6/8/16, at 152. Several times during trial, Attorney Silver's client, Plaintiff Kuruvila, beseeched his attorney to "sit down," and "please stop." ***Id.*** at 158; N.T. Trial, 6/9/16, at 21. At one point, Attorney Silver gratuitously commented on a defense witness's credibility: "Great. Great. But you know what? I don't believe you[.]" N.T. Trial, 6/10/16, at 61.

"The responsibility is on the trial judge to see that counsel do not transgress the bounds of what is proper, wholesome, and fair. [The judge]
*(Footnote Continued Next Page)*

Kuruvila filed post-trial motions, and Rajaratnam filed a motion for sanctions and post-trial relief. The court dismissed Kuruvila's claim with prejudice and ordered Attorney Silver to pay $13,750.00 in sanctions to Rajaratnam. Attorney Silver filed a motion to stay enforcement of the sanctions order pending appeal, which the court granted.

Appellants filed this appeal. The trial court ordered a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On October 24, 2016, Appellants filed a 46-page statement, containing eleven (11) errors complained of on appeal and pages of argument and sub-parts.[3] *See*

---

*(Footnote Continued)* ⸻⸻⸻⸻

accomplishes this end by employing judicious suggestion and, if necessary, stern admonition." ***Ferguson v. Morton***, 84 A.3d 715, 723 (Pa. Super. 2013), quoting ***Libengood v. Penna. R. Co.***, 55 A.2d 756, 758 (Pa. 1947). The trial transcripts in this case are replete with instances of counsel's disregard of the court's repeated warnings and admonitions. As a result, the court ordered a mistrial, *sua sponte*, and imposed sanctions on Attorney Silver. ***See*** 42 Pa.C.S.A. § 2503(7); ***Kelley v. Thompson***, 474 A.2d 44 (Pa. Super. 1984).

[3] Attorney Silver, in what the court characterizes as an "additional effort to `paper' th[e] [c]ourt," challenged the trial transcript and submitted extensive errata sheet revisions. Trial Court Opinion, 10/27/16, at 2. The court, on September 1, 2016, entered an order allowing for minor grammatical changes to the transcript, but denied her requested substantive changes. ***Id.*** The court also stated that it "has been flooded with voluminous, redundant and superfluous pre[-] and post-trial filings and supplemental filings by [Kuruvila's] counsel throughout this trial." ***Id.*** at 3. We also note that in the prior appeal to this Court, Appellant Kuruvila raised 21 issues, and this Court reminded Appellant that the better practice on appeal is to "distil one's claims down to those with a meaningful likelihood of success." ***Kuruvila***, ***supra*** (citing ***Commonwealth v. Robinson***, 864 A.2d 460, 480 n.28 (Pa. 2004), quoting Ruggero J. Aldisert, *The Appellate bar: Professional Competence and Professional Responsibility - A View from the*
*(Footnote Continued Next Page)*

- 3 -

Pa.R.A.P. 1925(b) Statement, 10/24/16.  The trial court determined it was "impossible to engage in a meaningful analysis of the issues" and suggested this Court find the matters waived.  We agree.

Rule 1925(b)(4)(iv) provides, in relevant part:  "The Statement shall not be redundant or provide lengthy explanations as to any error."  Pa.R.A.P. 1925(b)(4)(iv).  Here, Appellants have listed eleven errors complained of on appeal with over forty (40) pages of explanations.  Moreover, we note in the first claim of error, Appellants refer to the Pennsylvania Rules of Criminal Procedure, in particular Rule 605, which are inapplicable here.  Careful framing of the claims presented is the first step in providing for meaningful review.  Our review of the trial transcripts in this case evidences palpable frustration on the part of the trial judge, and the Rule 1925(b) statement compounded that frustration. In **Kanter v. Epstein**, 866 A.2d 394 (Pa. Super. 2004), this Court found that the only "motive underlying such conduct is to overwhelm the court system to such an extent that the courts are forced to throw up their proverbial hands in frustration." **Id**. at 402.  In **Kanter**, we held that the appellants' failure to set forth issues in a concise manner impeded the trial court's ability to prepare an opinion addressing the issues appellants sought to raise before this Court, thereby frustrating this

*(Footnote Continued)* ────────────

*Jaundiced Eye of the Appellate Judge*, 11 Cap.U.L.Rev. 445, 458 (1982) ("[W]hen I read an appellant's brief that contains ten or twelve points, a presumption arises that there is no merit to **any** of them.")) (emphasis in original).

Court's ability to engage in meaningful and effective appellate review. We agree with the trial court that review here is significantly hampered, and, therefore, we are constrained to find Appellants have waived their claims on appeal. **See Jones v. Jones**, 878 A.3d 86 (Pa. Super. 2005) (when appellant fails adequately to identify in concise manner issues sought to be pursued on appeal, trial court is impeded in preparation of legal analysis).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2017